CARTER, Judge.
Appellant, an inmate at Louisiana State Penitentiary at Angola, appeals the trial court’s judgment denying a request for *516 mandamus relief. Appellant claims that his constitutional rights were violated when he was denied contact visitation with his family and friends.
After a thorough review and evaluation of the record, we are convinced that the evidence supports the Commissioner’s findings that appellant failed to prove that a constitutional right was violated or that such a constitutional right to contact visitation was conferred by the federal district court’s decision in John E. Ralph v. Hayden Dees, Civil Action Number 71-94, unpublished (United States District Court, Middle District of Louisiana, decided March 13, 1985).
We find that appellant’s constitutional rights have not been violated. The Constitution does not require that detainees be allowed contact visits when responsible, experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the facility. See Block v. Rutherford, — U.S. -, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984); Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Additionally, lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights. Pell v. Procurer, 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974); Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948). Restrictions imposed on the prison’s visitation policy must be reasonably related to a legitimate governmental interest. Armstead v. Phelps, 449 So.2d 1049 (La.App. 1st Cir.1984). Clearly, the policy of restricting inmates confined in closed cell restriction (CCR) from engaging in contact visitation is reasonably related to the legitimate state interest of security. Therefore, we find no error in the trial court’s judgment. LSA-C.C.P. art. 5188; Smith v. AMF Tuboscope, Inc., 442 So.2d 679 (La.App. 1st Cir.1983). Costs of this appeal are assessed against appellant.
AFFIRMED.