DRAKE, J.
12Plaintiff, Clarence Williams, an inmate housed at the Louisiana State Penitentiary (“LSP”), appeals a district court judgment *352 dismissing his petition for judicial review of a' grievance he filed with the Louisiana Department of Public Safety and Corrections (“DPSC”) pursuant to the Corrections Administrative Remedy Procedure (“CARP”), La. R.S. 15:1171, et seq. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY

Mr. Williams had submitted a visiting request to the LSP, seeking to have his adult daughter, C. Bennett, added to his approved list of visitors. On May 12, 2009, the LSP denied the request of Mr. Williams. The LSP gave as its reason for the denial that on the visiting questionnaire, C. Bennett indicated that a family member had been a victim of. a crime committed by Mr. Williams, and as such she, C. Bennett, would not be added to his approved Visiting List.[1]
Thereafter, on October 10, 2011, Mr. Williams filed administrative remedy procedure (“ARP”) LSP-2011-2724, wherein he complained that the DPSC denied his request to add his adult daughter, C. Bennett, to his approved list of visitors. Mr. Williams alleged that his daughter was denied visitation with him at the LSP on May 7, 2009, pursuant to DPSC Regulation C-02-008, which governs offender visitation.
In its first step response, the DPSC stated that the change in DPSC Regulation C-02-008 would not prevent Mr. Williams’s adult daughter C. Bennett from visiting with him; it would only prevent minors from participating in the visitation process without special permission from the LSP Warden. Rather, the DPSC stated that the reason Mr. Williams’s daughter was denied visitation on May [s7, 2009, was because she indicated that she or a family member was a victim, of which decision Mr. Williams was notified of by the LSP on May 12, 2009. Having denied Mr. Williams’s request to have his daughter added to his approved visiting list due to possible victim concerns, the DPSC denied Mr. Williams’s request for administrative remedy. Mr. Williams requested to proceed to the second step review, wherein the relief he requested was likewise denied with the explanation, “it was determined that the first step response provided [was] clear and concise, as well as [had] addressed your request appropriately.”
Thereafter, Mr. Williams filed a petition for judicial review on June 27, 2012, seeking redress for his complaint. In his screening recommendation, the commissioner [2] assigned to review the matter held that Mr. Williams had no constitutional or statutory right to add C. Bennett to his visitor’s list. The commissioner reasoned that the decision of the DPSC was based on security concerns and that there was no evidence in the record or basis in the law to show that the decision of the DPSC was arbitrary, capricious, manifestly erroneous, or in violation of any of Mr. Williams’s statutory or constitutional rights.
Thus, the commissioner recommended that the decision of the DPSC be affirmed *353 and that Mr. Williams’s petition for judicial review be dismissed with prejudice. In a judgment signed December 2, 2013, the district court adopted the recommendation of the commissioner and dismissed Mr. Williams’s petition for judicial review with prejudice, at his costs, from which judgment Mr. Williams has perfected the instant appeal.
I ¿LAW AND DISCUSSION
Enacted in 1985, CARP authorized the DPSC to adopt and implement an administrative remedy procedure for receiving, hearing, and disposing of any and all inmate complaints and grievances. La. R.S. 15:1171-72. As provided in CARP, an offender aggrieved by an adverse decision rendered pursuant to any administrative remedy procedure can institute proceedings for judicial review by filing a petition for judicial review in the Nineteenth Judicial District Court. La. R.S. 15:1177. On review of the agency’s decision, the district court functions as an appellate court. Its review shall be confined to the record and shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. La. R.S. 15:1177(A)(5). The court may affirm the decision of the agency or remand the case for further proceedings or order that additional evidence be taken. La. R.S. ■ 15:1177(A)(8). The court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion, or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record.- La. R.S. 15:1177(A)(9); Edwards v. Bunch, 07-1421 (La.App. 1 Cir. 3/26/08), 985 So.2d 149, 152.
On review of the district court’s judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to-the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. Edwards, 985 So.2d at 152.
LDPSC Regulation C-02-008 and LSP Directive Number 16.003 govern offender visitation at the LSP. DPSC Regulation C-02-008 provides that “[visitation is a privilege and not a right.” Section 10(C) governs the restrictions on offender visits with minors, and it provides, in pertinent part:
1) Offenders who have a current or pri- or conviction for a sex crime involving a minor child family member, or who have a documented history of sex abuse with a minor child family member, are ineligible to visit with any minor child....
2) Offenders who have a current or pri- or conviction for a sex crime involving a minor child who is not a family member are ineligible to visit with any minor child.
LSP Directive Number 16.003(A)(6)(a) provides that a potential visitor (adult [or] minor) may be denied if the potential visitor “is the crime victim or immediate family member of the crime victim.”
The DPSC denied Mr. Williams’s request to add his adult daughter C. Bennett to his approved visitor list on May 12, 2009, stating that its denial was based on her visitor questionnaire response wherein she ■ indicated that her older sister had been a victim of a crime committed by Mr. Williams. The DPSC recognized that the *354 regulation cited by Mr. Williams, DPSC Regulation C-02-008, only pertains to restrictions on visitation with minors, and Mr. Williams’s daughter is unquestionably an adult. Thus, in the ARP first step review response, the DPSC stated that DPSC Regulation C-02-008 would not prevent his adult daughter from visiting with him; it would only prevent minors from participating in the visitation process without special permission from the LSP Warden.
At the hearing on Mr. Williams’s petition for judicial review before the commissioner, the DPSC argued that although C. Bennett is not a minor, she was a direct victim of Mr. Williams’s sexual crime of the forcible rape of her stepsister, who was a minor at the time the crime occurred. The DPSC alleged that C. Bennett was in the household at the time of the commission of the crime of which | fiher stepsister was a victim, and C. Bennett identified herself as being' a close relative to the victim. Based on security concerns for the safety and well-being of a victim of sexual abuse, the DPSC made the following' argument to the commissioner:
This child of his, while a major, has not contacted us to refute any refusal of visitation. She hasn’t called Warden Fontenot. If she would open some dialogue with us about her willingness to see him, there are other avenues for that. But the fact is she has not done it. The Department has a mission of public safety. We would rather err on the side of caution than we would allow somebody in that we don’t know how they are going to react, we don’t have any certainty about what their emotions are, and it’s just because [Mr. Williams] wapts us to do that. Visiting is a privilege. It’s not a right.. We have correctional officers up here who exercise a lot of experience and due diligence in handling these matters, and for that reason, we’d ask that you affirm the Department’s decision in this matter.
Based on the foregoing, we do not find that the, DPSC and the district court erred in denying Mr. Williams’s request to add his adult daughter, C. Bennett, to his approved list of visitors at the LSP. Visitation is a privilege and not a right, and as noted by the Commissioner in. his report, an inmate has no constitutional or statutory right to, have a particular visitor added to his visitor list. See McCray v. Sullivan, 509 F.2d 1332, 1334 (5th Cir.1975); Thorne v. Jones, 765 F.2d 1270, 1274 (5th Cir.1985); Fulford v. Blackburn, 470 So.2d 515, 516 (La.App. 1st Cir.1985). Based on the discretion afforded the DPSC in such matters, as well as LSP Directive Number 16.003, there is no basis for reversal of the decision of the DPSC. See La R.S. 15:833(A) (which grants the DPSC discretion to “authorize visits ... under reasonable conditions between inmates and approved friends, relativés, and other persons”); see also Fulford, 470 So.2d 515. Accordingly, we find rio merit in Mr. Williams’s appeal and affirm the rulings of the district court and the DPSC.

DECREE

For the foregoing reasons, we find that the Louisiana-Department.of Public Safety and Corrections committed no error in denying Mr. Williams’s request to add his adult daughter, C. Bennett, to his approved list of visitors' at the Louisiana State Penitentiary. Accordingly, we- affirm the December 2,2013 judgment of the district court. .Costs associated with this appeal are assessed to the plaintiff/appellant, Clax-ence Williams.
AFFIRMED.
GUIDRY, J., concurs in the result.

. Mr. Williams pled guilty to forcible rape of a minor on October 23, 1985, in the Twenty-Third Judicial District Court, docket number 1621.

. The office of commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The district judge "may accept, reject, or modify in whole or in part the findings or recommendations made by the commissioner and also may receive further evidence or recommit the matter to the commissioner with instructions.” La. R.S. 13:713(C(5); Abbott v. LeBlanc, 12-1476 (La.App. 1 Cir. 3/25/13), 115 So.3d 504, 505 n. 1.