STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0089

TROY D. GRIMES

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS

*Judgment Rendered:*    NOV 1 2 2020

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C675790

The Honorable William A. Morvant, Judge Presiding

* * * * * * * *

Troy D. Grimes                      Plaintiff/Appellant
Cottonport, Louisiana               Pro Se

Jonathan R. Vinning                 Counsel for Defendant/Appellee
Baton Rouge, Louisiana              Louisiana Department of Public Safety
                                    and Corrections

* * * * * * * *

BEFORE: HIGGINBOTHAM, THERIOT, AND WOLFE, JJ.

**THERIOT, J.**

Plaintiff, Troy D. Grimes, an inmate housed at the Raymond Laborde Correctional Center, appeals a district court judgment dismissing his petition for judicial review of the denial of his disciplinary appeal filed with the Louisiana Department of Public Safety and Corrections ("DPSC") pursuant to the Corrections Administrative Remedy Procedure ("CARP"), La. R.S. 15:1171, *et seq.* We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 21, 2018, Grimes was written up for a violation of Disciplinary Rule 30C (General Prohibited Behaviors) for conspiring with a visitor, Jestina Earls, to bring contraband into the institution.[1] Following a complete investigation, which included the investigating officer's certification of the testimony of two consistently reliable confidential informants, it was determined that Grimes had received contraband (synthetic marijuana) from Earls during a visit on March 10, 2018, and distributed the synthetic marijuana to other offenders, causing them to become highly intoxicated. A disciplinary board hearing was held on April 2, 2018. At the hearing, Grimes was found guilty of the Rule 30C violation and was sentenced to a custody change to extended lockdown and ten days isolation. Grimes was subsequently notified on April 5, 2018, that he was placed on the "loss

---

[1] Disciplinary Rule 30C provides:

> 30. The following behaviors, which may impair or threaten the security or stability of the unit or wellbeing of an employee, visitor, guest, offender or their families are prohibited:
>
> * * *
>
> C. threatening, planning, conspiring or attempting to commit a violation of the rules of behavior for adult offenders or state and federal laws; aiding or abetting another offender involved in committing a violation of the rules or state and federal laws[.]

LAC 22:I.341.I.30C.

Smuggling or attempting to smuggle drugs into or out of the prison facility is a violation of the Disciplinary Rules. LAC 22:I.341.I.1.

of visiting list" as a result of the offense.[2]  Additionally, Earls' name was removed from the list of approved visitors to the prison.

Grimes appealed the disciplinary board decision in accordance with LAC 22:I.341(H), seeking to have the decision overturned and all privileges restored. During the course of the disciplinary appeal process, the matter was remanded back to the disciplinary board on two occasions for deliberation and sentencing due to technical errors that resulted in an incomplete recording of the hearing. Following the remands, Grimes's appeal was denied by both the warden and the Secretary of DPSC. The Secretary's denial of Grimes's appeal states that the disciplinary report was clear, concise, and provided convincing evidence of the violation as charged; Grimes did not provide any evidence to refute the charge or to substantiate his claims regarding any procedural irregularities; and there was sufficient evidence to support the finding of guilt, including the properly documented information provided by the two confidential informants.  The Secretary concluded that Grimes was provided a full hearing and afforded due process in both the hearing and the sentencing phases of the proceeding, and the sanctions imposed were appropriate in light of the seriousness of the offense.

Following the denial of his disciplinary appeal, Grimes filed a petition for judicial review in the Nineteenth Judicial District Court, seeking reversal of the disciplinary decision, expungement of the offense from his record, removal of all sanctions, and reinstatement of all privileges, including visiting privileges with Earls.

DPSC filed a peremptory exception raising the objection of no cause of action, noting that Grimes's petition for judicial review failed to allege a substantial rights violation, as required for the district court to grant relief on

---

[2] Suspension of an offender's visiting privileges is not a disciplinary penalty; however, the rules governing offender visitation require limitation or suspension of visiting privileges for offenders or visitors under certain circumstances, such as when an offender is found guilty of a contraband charge or a visitor fails to comply with the rules of the institution. LAC 22:I.316.R.

judicial review. Since Grimes was only sentenced to a custody change and isolation, DPSC argued that he had neither a vested property right nor a liberty interest with regard to the penalty imposed.

The district court adopted the recommendation of the Commissioner and rendered judgment, granting DPSC's peremptory exception of no cause of action, affirming the disciplinary decision, and dismissing Grimes's petition for judicial review with prejudice for failure to state a cause of action. Grimes appealed. Although his appellate brief did not contain assignments of error, Grimes essentially argues on appeal that the conditions of his custody change to extended lockdown are so harsh as to constitute a substantial rights violation and that he was denied due process by the disciplinary board when it did not follow the procedures set forth for disciplinary hearings.

**DISCUSSION**

CARP authorized DPSC to adopt and implement an administrative remedy procedure for receiving, hearing, and disposing of any and all inmate complaints and grievances. La. R.S. 15:1171-72. As provided in CARP, an offender aggrieved by an adverse decision rendered pursuant to any administrative remedy procedure can institute proceedings for judicial review by filing a petition for judicial review in the Nineteenth Judicial District Court. La. R.S. 15:1177. On review of the agency's decision, the district court functions as an appellate court. Its review is confined to the record and limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. La. R.S. 15:1177(A)(5). The court may affirm the decision of the agency or remand the case for further proceedings or order that additional evidence be taken. La. R.S. 15:1177(A)(8). The court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation

4

of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion, or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. La. R.S. 15:1177(A)(9); *Edwards v. Bunch*, 2007-1421, p. 4 (La.App. 1 Cir. 3/26/08), 985 So.2d 149, 152.

On review of the district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to the factual findings or legal conclusions of the court of appeal. *Williams v. Department of Public Safety & Corrections*, 2014-0643, p. 4 (La.App. 1 Cir. 7/7/15), 180 So.3d 351, 353.

The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Giles v. Cain*, 99-1201, p. 5 (La.App. 1 Cir. 6/23/00), 762 So.2d 734, 738 (citing *Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297, 132 L.Ed.2d 418 (1995)). Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law. *Sandin*, 515 U.S. at 485, 115 S.Ct. at 2301. Thus, for Grimes's petition to state a cognizable claim for judicial review of a disciplinary matter, it must allege facts demonstrating that the agency's decision prejudiced his "substantial rights." See *Wilson v. Leblanc*, 2019-1358, p. 3 (La. App. 1 Cir. 5/11/20), -- So.3d --, *rehearing denied* (July 6, 2020).

It is well settled that a change of custody status is not atypical nor a significant hardship in relation to the ordinary incidents of prison life, and does not prejudice an inmate's substantial rights. *Dorsey v. Louisiana Department of Public Safety & Corrections*, 2018-0416, p. 3 (La.App. 1 Cir. 9/24/18), 259 So.3d 369, 371; *Boudreaux v. Cain*, 2012-0910, p. 2 (La.App. 1 Cir. 2/15/13), 2013WL595794, *1 (unpublished), *writ denied*, 2013-0928 (La. 10/11/13), 123 So.3d 1219. Furthermore, although La. R.S. 15:833(A)(1)(a) authorizes DPSC to allow visits and correspondence under reasonable conditions between inmates and approved friends, relatives, and other persons, any such offender visitation is a privilege and not a right, and violation of the visiting rules may result in termination of the visit, loss of the offender's visiting privileges, banning of the visitor from entering the institution or its grounds, and/or criminal charges, as circumstances warrant. LAC 22:I.316.K.1.a. Safety and security are primary considerations in allowing offender visitation, and any restrictions placed on visiting privileges pursuant to LAC 22:I.316 are rationally related to legitimate penological interests. LAC 22:I.316. Because an inmate does not have a right to visitation, loss of visiting privileges in accordance with the visiting rules does not rise to the level of a substantial rights violation, and therefore cannot form the basis for judicial review. See *Greenhouse v. Louisiana Dep't of Public Safety & Corrections*, 2017-0316, p. 5 (La.App. 1 Cir. 11/1/17), 2017WL4946864, *2 (unpublished), *writ denied*, 2017-2122 (La. 1/8/19), 259 So.3d 1021; *Williams*, 2014-0643 at p. 6, 180 So.3d at 354.

Because Grimes's petition for judicial review does not allege a substantial rights violation, the district court did not err in dismissing the petition for failure to state a cause of action.

**DECREE**

For the reasons set forth herein, the judgment of the district court dismissing Grimes's petition for judicial review with prejudice for failure to state a cause of action and affirming the agency decision is affirmed. Costs of this appeal are assessed to plaintiff-appellant, Troy Grimes.

**AFFIRMED.**