985 So.2d 149 (2008)
Christopher M. EDWARDS
v.
Talmage BUNCH, Calvin Newman, Warden Kenneth Weir, Lieutenants Hagan, Bercain, Unknown Name, East Feliciana Nurse, Sergeant Culpepper, Hunt Correctional Center Wardens, Phelps Correctional Center Wardens.
No. 2007 CA 1421.
Court of Appeal of Louisiana, First Circuit.
March 26, 2008.
Opinion Granting Rehearing June 18, 2008.
*150 Christopher M. Edwards, Lafayette, LA, In Proper Person, Plaintiff-Appellant.
William Kline, Baton Rouge, LA, for Defendant-Appellee, Louisiana Department of Corrections.
Before CARTER, C.J., PETTIGREW, and WELCH, JJ.
PETTIGREW, J.
This is an appeal of a district court judgment dismissing an inmate's petition for judicial review of a grievance he filed with the Louisiana Department of Public Safety and Corrections (DPSC) pursuant to the Corrections Administrative Remedy Procedure (CARP), La. R.S. 15:1171, et seq. For the reasons that follow, we affirm in part, reverse in part, and remand with instructions.

FACTS AND PROCEDURAL HISTORY
According to the record, Christopher M. Edwards, an inmate in the custody of DPSC was transferred from Phelps Correctional Center in Dequincy, Louisiana, in *151 June 2006, to the East Feliciana Parish Jail where he was allowed to participate in a work release program. Edwards was given a job with a company named Hawco and paid $10.00/hour as a welder. It was while working for Hawco that Edwards allegedly suffered an injury to his arm that subsequently required medical attention. While the sequence of events following Edwards' work-related injury is in dispute, there is evidence in the record that DPSC was notified by the foreman at Edwards' job that Edwards was not happy with his job and had voluntarily quit. As a result, DPSC placed Edwards in administrative segregation, removed him from the work release program, and forfeited 60 days of his good time.
Citing "improper procedures by the East Feliciana Parish work release center concerning employment of D.O.C. inmates pursuant to La. R.S. 15:1111, D.O.C. regulations/policies pertaining to cleanliness, [hygiene], [blatant] favoritism, unfair labor practices, and the deprivation of medical care when a serious injury is known but ignored by officials" and the "failure to secure . . . personal property upon placement in a lockdown," Edwards attempted to institute the two-step administrative remedy procedure (ARP) in September 2006. When he received no response from DPSC, he again filed an ARP in November 2006.[1] Again, Edwards received no response from DPSC. He subsequently filed a petition for judicial review seeking redress for his complaints.
In his screening recommendation, the commissioner noted that Edwards had "improperly cumulated delictual claims seeking monetary damages raised on the original jurisdiction of [the district court] with complaints regarding his inmate account, a disciplinary penalty and a lost property claim which must be exhausted through the applicable administrative avenues prior to seeking judicial review on the appellate jurisdiction of [the district court]." The commissioner ultimately concluded that because Edwards had failed to exhaust his administrative remedies on his complaints relative to his inmate account, his disciplinary penalty, his lost personal property, and the rate of compensation he received for participation in the East Feliciana work release program, those claims should be dismissed, without prejudice, based on a lack of subject matter jurisdiction. With regard to Edwards' delictual claims seeking monetary damages for personal injury, insufficient medical treatment, and lost wages, the commissioner recommended that these claims be dismissed, without prejudice, as they had been raised in an improper venue.[2] On April 26, 2007, the district court adopted the commissioner's report as its own and rendered judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED, that judgment is rendered that the petitioner's complaints regarding his inmate account, disciplinary penalty, lost personal property and rate of compensation for participation in a work release program are dismissed *152 without prejudice based on a lack of subject matter jurisdiction. The petitioner's delictual claim seeking monetary damages for personal injury, medical treatment and request for lost wages are dismissed without prejudice on an exception of improper venue raised on the Court's own motion.
It is from this judgment that Edwards has appealed. We have thoroughly reviewed the record before us and find no error in that portion of the judgment dismissing Edwards' delictual claim based on an exception of improper venue. However, with regard to Edwards' remaining claims against DPSC, we disagree with the commissioner's conclusion that Edwards failed to exhaust his administrative remedies concerning these complaints.

LAW AND ANALYSIS
Enacted in 1985, CARP authorized DPSC to adopt and implement an administrative remedy procedure for receiving, hearing, and disposing of any and all inmate complaints and grievances. La. R.S. 15:1171 and 15:1172. As provided in CARP, an offender aggrieved by an adverse decision rendered pursuant to any administrative remedy procedure can institute proceedings for judicial review by filing a petition for judicial review in the Nineteenth Judicial District Court. La. R.S. 15:1177. On review of the agency's decision, the district court functions as an appellate court. Its review shall be confined to the record and shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. La. R.S. 15:1177(A)(5). The court may affirm the decision of the agency or remand the case for further proceedings, or order that additional evidence be taken. La. R.S. 15:1177(A)(8). The court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion, or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. La. R.S. 15:1177(A)(9).
On review of the district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. McCoy v. Stalder, 99-1747, p. 6 (La.App. 1 Cir. 9/22/00), 770 So.2d 447, 450-451.
From our review of Edwards' brief and the record before us,[3] it appears that part of his contentions lie in DPSC's failure to comply with rules and regulations regarding the processing and handling of inmate complaints. Specifically, Edwards emphasizes DPSC's failure to process his ARP.
Section 325 of Title 22, Part I of the Louisiana Administrative Code, outlines the rules and procedures to be followed in formally addressing inmate complaints in adult institutions in Louisiana. The Code requires inmates to use the procedure set forth therein  the two-step ARP  before they can proceed with a suit in federal or *153 state court. LAC 22:I.325(A)(1).[4] The Code suggests the availability of assistance to inmates regarding the use of the grievance procedure. LAC 22:I.325(A)(3). Whether Edwards requested or was otherwise provided this assistance is not evident from the record before us. Additionally, the Code requires that the inmate "shall receive reasonable responses and where appropriate, meaningful remedies." LAC 22:I.325(B).
The Code provides, in pertinent part, as follows with regard to the procedure for filing an ARP:
F. Procedure
1. Screening. The ARP screening officer will screen all requests prior to assignment to the first step. The screening process should not unreasonably restrain the inmate's opportunity to seek a remedy.
a. If a request is rejected, it must be for one of the following reasons, which shall be noted on Form ARP.
. . . .
b. Notice of the initial acceptance or rejection of the request will be furnished to the inmate.
2. Initiation of Process. Inmates should always try to resolve their problems within the institution informally, before initiating the formal process. This informal resolution may be accomplished through discussions with staff members, etc. If the inmate is unable to resolve his problems or obtain relief in this fashion, he may initiate the formal process.
a. The method by which this process is initiated is by a letter from the inmate to the warden. For the purposes of this process, a letter is:
i. any form of written communication which contains this phrase:
"This is a request for administrative remedy;" or
ii. Form ARP-1 at those institutions that wish to furnish forms for commencement of this process.
b. No request for administrative remedy shall be denied acceptance into the administrative remedy procedure because it is or is not on a form; however, no letter as set forth above shall be accepted into the process unless it contains the phrase:
"This is a request for administrative remedy."
c. Nothing in this procedure should serve to prevent or discourage an inmate from communicating with the warden or anyone else in the Department of Public Safety and Corrections. The requirements set forth in this document for acceptance into the administrative remedy procedure are solely to assure that incidents which may give rise to a cause of action will be handled through this two step system of review. All forms of communication to the warden will be handled, investigated, and responded to as the warden deems appropriate.
LAC 22:I.325(F) (emphasis supplied).
The record before us reveals that Edwards first attempted to initiate the grievance procedure by filing an ARP in September 2006, after having tried unsuccessfully to resolve his problems and obtain *154 relief through the informal process of communicating with DPSC staff regarding his complaints. After not receiving any response to his ARP filed in September, Edwards sent a letter to the administrative screening officer on October 15, 2006, inquiring about the status of same. He was notified on October 24, 2006, that he did not have any ARPs in the system. In an attempt to clear up any confusion regarding his ARP that DPSC apparently had not received, Edwards again submitted the ARP in November.
The two ARPs that we have reviewed in the record before us appear to be almost identical in substance; however, they are very different in form. The first is a handwritten document labeled "ARP INTO HUNTS September 12, 2006" detailing Edwards' complaints and requested relief. The second ARP is dated September 30, 2006, and is typed on what appears to be Request for Administrative Remedy Form provided by C. Phelps Correctional Center. The phrase "Resent to Hunts 11-7-07" is handwritten at the bottom of this form.[5]
In Sims v. Wackenhut Health Services, Inc., 97-1147 (La.App. 1 Cir. 2/20/98), 708 So.2d 1140, writ denied, 98-0747 (La.5/1/98), 718 So.2d 417, this court vacated an order of a district court commissioner to stay proceedings on the plaintiff's petition for judicial review pending the plaintiffs pursuance of a third step review of his complaint through the institution's administrative remedy procedure. In that case, the plaintiff, Mr. Sims, had written a letter to the warden complaining about the inadequate medical care he was receiving and requested that he be transferred to a better-equipped hospital where he could receive improved treatment. Mr. Sims never received a response to his complaint, and later, his left leg was amputated, allegedly as result of the inadequate medical care he had received. Sims, 97-1147 at 2-3, 708 So.2d at 1141.
In response to the suit filed by Mr. Sims, the DPSC filed a peremptory exception raising the exception of abandonment, seeking dismissal of the suit based on Mr. Sims' failure to properly pursue administrative remedies under CARP. The district court commissioner agreed with DPSC, but instead of sustaining the exception, the commissioner ordered DPSC to process the amended request for administrative relief at the third step. Sims, 97-1147 at 4, 708 So.2d at 1141. This court, however, found:
If the department did not follow its own procedural requirements, any questions regarding the completion of the three step process should, a fortiori, be strictly interpreted against it. The department drafted the administrative remedy procedure. The department's blatant failure to follow its own procedural rules and regulations should not be manipulated to accrue to its benefit. It is, moreover, unconscionable to demand that relator continue to pursue heretofore hollow administrative remedies, when the system has defaulted. By failing to respond on all three attempts of the relator, the department has produced a very confusing procedural status that it is now trying to exploit.
Sims, 97-1147 at 6, 708 So.2d at 1142-1143 (footnote omitted).
The record reveals that although Edwards filed his ARP on at least two occasions, no notice of processing or rejection *155 via "Form ARP" was given to Edwards by DPSC. See LAC 22:I.325(F)(1)(a). At that point, Edwards waited for the 90-day time limit to expire and then moved on to the next step in the process, i.e., filing a petition for judicial review in the Nineteenth Judicial District Court. See LAC 22:I.325(G)(4)(a); La. R.S. 15:1177.
Given Edwards' multiple attempts to have his grievance addressed and the results thereof, it appears that Edwards never had a viable opportunity to seek a remedy. From our review of the record before us, it appears that not one of the prescribed internal administrative regulations for processing offenders' requests was implemented. DPSC failed to follow its own explicit guidelines that it advise Edwards that his request was being processed, or that it was being denied. See LAC 22:I.325(F)(1)(b). Although the repercussions of DPSC's failure to follow its own rules and regulations in the instant case are not as egregious as in the Sims case, we find it equally unconscionable for DPSC to seek to benefit from rules and regulations that it failed to comply with. Thus, Edwards should not now be punished for "[failing] to exhaust his available administrative remedies."

CONCLUSION
For the above and foregoing reasons, we affirm that portion of the judgment that dismissed, without prejudice, Edwards' delictual claim based on an exception of improper venue. We reverse that portion of the judgment that dismissed Edwards' complaints regarding his inmate account, disciplinary penalty, lost personal property, and rate of compensation for participation in a work release program, and remand with instructions to remand the case to DPSC in accordance with La. R.S. 15:1177(A)(8), for the processing of Edwards' complaints in accordance with the appropriate administrative procedures. Appeal costs in the amount of $913.26 are assessed against DPSC.
AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS.

ON REHEARING
DPSC has petitioned this court for a rehearing of our March 26, 2008 decision, which reversed that portion of the district court's judgment dismissing Edwards' inmate complaints and grievances for lack of subject matter jurisdiction; remanded the case to district court with instructions to remand the case to DPSC in accordance with La. R.S. 15:1177(A)(8); and assessed DPSC with costs of appeal in the amount of $913.26.
DPSC correctly states that, because this case was dismissed by the district court during the screening process, the state was never served with a copy of Edwards' petition for judicial review. See La. R.S. 15:1178, 15:1188. Accordingly, we grant this rehearing to (1) maintain our earlier decision affirming that portion of the district court judgment dismissing, without prejudice, Edwards' delictual claim based on an exception of improper venue; (2) vacate that portion of the district court judgment dismissing Edwards' inmate complaints and grievances for lack of subject matter jurisdiction; and (3) remand with instructions that the district court consider the issue of subject matter jurisdiction following service of Edward's petition for judicial review on DPSC. Costs of this appeal are to be assessed by the district court following disposition of the issue of subject matter jurisdiction.
AFFIRMED IN PART; VACATED IN PART; REMANDED.
PETTIGREW, J., concurs and assigns reasons.
*156 PETTIGREW, J., concurring.
For the record, I would like to point out that DPSC did in fact get notice of the appeal in this matter and filed no response.
Further, as stated in Sims v. Wackenhut Health Services, Inc., 97-1147, p. 6 (La. App. 1 Cir. 2/20/98), 708 So.2d at 1140, 1142-1143, writ denied, 98-0747 (La.5/1/98), 718 So.2d 417:
If the department did not follow its own procedural requirements, any questions regarding the completion of the three step process should, a fortiori, be strictly interpreted against it. The department drafted the administrative remedy procedure. The department's blatant failure to follow its own procedural rules and regulations should not be manipulated to accrue to its benefit. It is, moreover, unconscionable to demand that relator continue to pursue heretofore hollow `administrative remedies, when the system has defaulted. By failing to respond on all three attempts of the relator, the department has produced a very confusing procedural status that it is now trying to exploit.
NOTES
[1] According to the record, prior to filing his first ARP, Edwards wrote several letters to prison officials concerning his situation and also filed an "Inmate Grievance Form" with the East Feliciana Parish Jail outlining in detail what he alleged had happened to him after he was injured while participating in the work release program. Moreover, in brief to this court, Edwards contends he submitted "multiple ARP's pertaining to his treatment while incarcerated." We are unable to confirm this allegation as there are only two ARPs contained in the record before us on review.
[2] The commissioner noted that pursuant to La. R.S. 15:1184(B), the district court, on its own motion, could raise an exception of improper venue.
[3] On appeal and in the proceedings below, Edwards has appeared in proper person.
[4] Effective April 20, 2002, the DPSC promulgated a new adult ARP that utilizes a two-step system of review, rather than the three-step review formerly used. LAC 22:I.325 G; Dailey v. Travis, 2002-2051, p. 7 (La.App. 1 Cir. 2/23/04), 872 So.2d 1104, 1108-1109, aff'd, XXXX-XXXX (La. 1/19/05), 892 So.2d 17.
[5] We can only assume that "07" should actually be "06" as this appears to be the form that Edwards was referring to in his November 6, 2006 letter to Acting Deputy Warden Desporte where Edwards wrote, "Since you did not receive my ARP, which pertains to the work release center, I am now resubmitting such to you."