PETTIGREW, J.
12Petitioner, Durwin L. Abbott, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (“DPSC”), appeals a judgment affirming DPSC’s final agency decision rendered under Administrative Remedy Procedure (“ARP”) No. DCI-2010-342 and dismissing the claims alleged in his petition for judicial review. For the following reasons, we affirm.
DISCUSSION
Following a failed drug screen, Abbott filed an ARP at the prison where he was incarcerated, claiming that he was subjected to “cruel and unusual punishment, favoritism and discrimination as it regards [DPSC’s] drug and alcohol testing policy.” Petitioner believed that medications he was taking at the time of a DPSC drug screen caused a false positive result and that his sample should have been sent to an outside lab for further testing. According to the record, petitioner’s medical records were reviewed to determine if any of his medications would cross react with the testing strips. It was determined that they would not. His request was reviewed and denied at the first and second steps of the ARP. Having exhausted his administrative remedies, Abbott filed a petition for judicial review in the Nineteenth Judicial District Court. The matter was then referred to a commissioner[1] for review pursuant to La. R.S. 15:1188, who recommended to the district court judge that DPSC’s decision be affirmed and Abbott’s petition be dismissed, with prejudice. Abbott timely filed a traversal of that recommendation, reiterating his arguments to *506 the court. On May 25, 2012, a judgment was signed, affirming DPSC’s decision and dismissing Abbott’s petition for judicial review, with prejudice. This appeal followed.
|sIn recommending that DPSC’s decision be affirmed, the commissioner offered the following findings:
In this matter, the petitioner alleges the drug testing policy does not afford due process because results suspected of false positive readings are not sent to an outside lab and offenders are not provided with a list of medications that may cause false positive drug screens....
The record in this matter contains a May 10, 2010 memo from the medical staff that indicates the petitioner did not take any medications that could cause a false positive result in this matter. The memo further indicates that the issue of a false positive result in the petitioner’s drug screen was forwarded to the manufacturer, who responded that the petitioner’s medications could not have [caused] a false positive result. The record indicates that the Department checked with a list of medications that were known to cause false positive results and that the petitioner’s medications did not appear on the list prepared by the manufacturer of the testing materials. The record supports the finding that the Department has adequate procedures in place to address the issue of prescription drug interaction with the testing materials utilized in the petitioner’s drug screens. The record in this matter does not support the petitioner’s contention that the Department’s drug testing procedure does not afford due process. The petitioner has failed to show he is entitled to the relief sought in this matter.
After a thorough review of the record, in consideration of Abbott’s arguments on appeal, and applying the relevant law and jurisprudence, we find no error of law or abuse of discretion by the district court in adopting, as its own, the commissioner’s report. We, therefore, affirm the May 25, 2012 judgment of the district court and find that the district court’s reasons for judgment, as set forth in the commissioner’s recommendation, adequately explain the decision. All costs associated with this appeal are assessed against petitioner, Durwin L. Abbott.
AFFIRMED.

. The offices of commissioner of the 19th Judicial District Court were created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The district judge "may accept, reject, or modify in whole or in part the findings or recommendations made by the commissioner and also may receive further evidence or recommit the matter to the commissioner with instructions.” La. R.S. 13:713(0(5).