DRAKE, J.
| ¿The plaintiff, Gwendolyn Marie Buford, an inmate in the custody of the Louisiana Department of Public Safety and ’Corrections (DPSC), appeals a judgment of the district court that dismissed her petition for judicial review with prejudice. For the following reasons, we amend the judgment and, as amended, affirm.

PROCEDURAL HISTORY

According to the record, Buford is currently serving a thirty-year sentence at hard labor with the DPSC for aggravated rape, as imposed on November 10, 2010, by the Thirty-Second Judicial- District Court in Houma, Terrebonne Parish, Louisiana. The grand jury indictment states that the dates of Buford’s offense ranged “from 1990 until the summer of 1999.” Since her sentencing, Buford has been awarded good time credit (3 days for 17 days in custody) for her time served as a DPSC inmate, pursuant to Act 1099, which amended La. R.S. 15:571.3, the statute in effect at the- time Buford committed the crime.'
On July 1, 2013, Buford filed a request for relief under the Louisiana Corrections Administrative Remedy Procedure Act (CARP), La. R.S. 15:1171 et seq., assigned number LCIW-2013-132, with the warden at the Louisiana Correctional Institute for Women (LCIW) in St. Gabriel, Louisiana, where she is currently housed. Buford argued that her master prison record contained an error as to the good time act controlling her sentence, arguing that she should receive good time (30 days for 30 days) in accordance with Act 138.
The DPSC reviewed Buford’s Administrative Remedy (ARP) No. LCIW-2013-132 according to the procedures provided by law and denied her request for relief at each step. In the’ Second Step Response Form, Buford received the following explanation from the DPSC regarding the calculation of her good time credit in accordance with Act 1099. The DPSC stated, in pertinent part:
laThis will advise that your concerns were adequately addressed by the first step response to LCIW-2013-132. As Ms.- Green explained, you. are not eligible to earn good time under Act 138 on *175 your instance offense. Persons committing sex offenses on or after August 15, 1999, are prohibited, from earning diminution of sentence under Act 1209 of the 1999 State Legislation. Since the Bill of Information gives commitment dates from 1990 until the summer of 1999 and does not actually sáy after August 15, 1999, we gave you the benefit of Act 1099 of the 1999 La, Legislature which indicates ányone convicted on or after January 1, 1997 of a crime of violence as described in La. R.S. 14:2 shall earn good time at a rate of three days for every seventeen days in actual custody. La. R.S. 14:2, Aggravated Rape is an enumerated offense included as a “crimes of violence!”]
We concur with the response you already received from the LCIW staff and can therefore justify no further investigation into this matter. [Emphasis added.]
On February 6, 2014, Buford filed a petition for judicial review in the Nineteenth Judicial District court, which was assigned to a commissioner for evaluation and to make a recommendation to the district court judge.[1] The DPSC filed a response to Buford’s petition and attached the entire administrative récord. The commissioner reviewed the record and determined that the decision of the DPSC to deny Buford’s ARP’ should be affirmed, and Buford’s petition for judicial review should be dismissed. In his report, the commissioner stated, in pertinent part:
In this case, the Petitioner asserts that the Department has exceeded its legal authority by classifying [her] as ineligible to-earn diminution of sentence (good time) on her conviction and sentence for the crime of Aggravated Rape pursuant to Act 1209 of the 1999 legislature prohibiting good time eligibility for those convicted of a :sex crime — which includes Aggravated Rape. The facts are not in dispute. The final [¿agency decision by the Department denied the Petitioner’s request for good time eligibility stating that [s]ince the Bill of Information didn’t say after August 15, 1999, but simply stated summer of 1999, that she was given Act 1099 as Aggravate [sic] Rape -is a crime of violence.
The Department’s' decision is well founded in the law and is entirely correct. The Department relies on the bill of information showing the dates of the offense in question as inclusive of “From 1990 until the summer of 1999”.
Based on the bill of information in the administrative record, the Department is required by law to deny good time eligibility, until and unless the petitioner can successfully challenge the dates of her offense in the sentencing court. As shown herein, the dates of the bill of information clearly state that the dates of the offense include those between 1990 and the summer of 1999 — which would make her sentence subject to the 1999 legislative prohibition és to sex offenders.
The law in effect in this case, based on the record, is Act 1209 of 1999 amending R.S. 15:537-with regard to sex offenders — states that anyone convicted of Aggravated Rape (or other sex crimes) *176 “shall not” be eligible for good time. The Petitioner does not dispute this fact. She simply relies upon a claim that the date that is delineated in the law, August 15, 1999 was not in effect during the time that the crime(s) were “substantially completed”. That issue is not property [sic] before this Court, but must be filed with the trial court. Until the Trial Court changes the minutes or the DA amends the bill, any error in proceedings in another district court would not authorize this Court to order the Department to ignore the unambiguous statutory prohibition on good time eligibility for sex offenders.
Petitioner is entitled to no relief in this Court or from the Department, as the decision to deny goodtime [sic] was based on the Bill of Indictment, and the date ending the commission of the crime being “the summer of 1999” which doesn’t require the department to give good time, and the decision is not arbitrary nor capricious, nor contrary to law.
For the foregoing reasons, the Department’s decision to deny good time eligibility is correct under the law and the facts as shown in this record. Because the crime for which she was convicted was alleged to have Rbeen committed , after the August 15, 1999 date, the Department is required by law to deny good time eligibility. The petitioner’s recourse does riot lie with this court as the department[.] [Citations and footnotes omitted.]
On February 27, 2015, after a de novo review of the record and the commissioner’s recommendation, the district judge signed a judgment incorporating the commissioner’s recommendation and dismissed Buford’s petition for judicial review with prejudice. This appeal by Buford followed.

STANDARD OF REVIEW

Enacted in 1985, CARP authorized the DPSC to adopt and implement an administrative remedy procedure.for receiving, hearing, and disposing of any and all inmate complaints and grievances. La. R.S. 15:1171-72. As provided in CARP, an offender aggrieved by an adverse decision rendered pursuant to any administrative remedy procedure can institute proceedings for judicial review by filing a petition for judicial review in the Nineteenth Judicial District Court. La. R.S. 15:1177. On review of the agency’s decision, the district court functions as an appellate court. Its review shall be confined to the record and shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. La. R.S. 15:1177(A)(5). The court may affirm the decision of the agency or remand the case for further proceedings or order that additional evidence be taken. La. R.S. 15:1177(A)(8). The court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion, or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. La. R.S. 15:1177(A)(9); Edwards v. Bunch, 2007-1421 (La.App. 1 Cür. 3/26/08), 985 So.2d 149, 152.
On review of the district court’s judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed *177 by the court of appeal to the factual find-. tags or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. Edwards-, 985 So.2d at 152.

LAW AND DISCUSSION

Buford’s grievance lies with the legislation controlling the computation of her good time credit, arguing that she should be eligible to earn 30 days for 30 days good time credit in accordance with 1975 La. Acts 727, 1977 La. Acts 633, and 1991 La. Acts 138. Buford argues the DPSC erred in applying 1995 La. Acts 1099, which allowed her to earn only 3 days for 17 days of good time credit. Buford further contends that the district court erred in adopting the commissioner’s report and erred in stating that the position of the DPSC, as erroneously claimed by the commissioner, was that the DPSC was denying Buford all good time eligibility in accordance with 1999 La. Acts 1209.[2] Therefore, we must determine whether Buford was eligible to earn good time credit under the law in effect at the time she committed the crime. See Massey v. Louisiana Dept. of Pub. Safety and Corr., 2013-2789 (La.10/15/14), 149 So.3d 780, 783.

Act 376 amending La, R.S. 15:571,14

Prior to its repeal, La. R.S. 15:571.14 governed the computation of good time credit. As amended by 1988 La. Acts 376, La. R.S. 15:571.14 provided, in pertinent part:
Notwithstanding any other provision of this Part, inmates who meet the criteria of this Section may receive |7increased diminution of sentence for good behavior, hereinafter referred to as “good time.” The granting of this option shall be governed by the following provisions:
(1) The inmate must have been committed to the Department of Public Safety and Corrections.
(2) The inmate must be eligible to receive good time. ⅜ ' ⅜ ⅜
(6) No inmate shall receive more than thirty days of good time earned for each calendar month.

Acts 727, 633, and 138

The computation of “good time” credit is now governed by La. R.S. 15:571.3. Formerly, La. R.S. 15:571.3 authorized the awarding of good time credit for all inmates in the custody of the DPSC. See State ex rel. Bickman v. Dees, 367 So.2d 283, 286 (La.1978), abrogated by State ex rel. Olivieri v. State, 2000-0172 (La.2/21/01), 779 So.2d 735.
. Louisiana Revised Statutes 15:571.3 has been amended numerous times since its enactment. One such amendment to La. R.S. 15:571.3 was 1975 La. Acts 727. Act 727 added a provision that prisoners convicted of certain felonies and who were convicted under the Habitual Offender Law after September 15, 1975 would not be eligible to .receive good time credit. 1977 La. Acts 633 amended La. R.S. 15:571.3 to amend the provision that prisoners convicted of certain felonies and who were convicted under the Habitual Offender Law after September 9, 1977 would not be eligible to receive good time credit.
Another amendment to La. R.S. 15:571.3 was 1991 La. Acts 138. Act 138 provided that prisoners could earn thirty days of good time credit for each thirty days (30 days for 30 days) served in actual custody, which meant prisoners could earn good *178 time on jail credit. Act 138 became effective January 1,1992.

[sAct 1099

Another amendment to La. R.S. 15:571.3 was 1995 La. Acts 1099. Act 1099 amended La. R.S. 15:571.3 to provide that an inmate convicted a first time of a crime of violence[3] could earn diminution of sentence, i.e., good time credit, at a rate of three days for every seventeen days in actual custody (3 days for 17 days). As amended by Act 1099, La. R.S. 15:571.3(B) provided:
Every inmate in the custody of the department who has been convicted of a felony, except an inmate convicted a second time of a crime of violence as defined by R.S. 14:2(13), and sentenced to imprisonment for a -stated number of years or months, or when the sentencing court has denied or conditioned eligibility for “good time” as provided in R.S. 15:537, may earn, in lieu of incentive wages, a diminution of sentence by good behavior and performance of work or self-improvement activities, or both, to be known as “good time”. Those inmates serving life sentences will be credited with good time earned which will be applied toward diminution of their sentences at such time as the life sentences might be commuted to a specific number of years. The secretary shall establish regulations for awarding and réeording of good time and shall determine when good time has been earned toward diminution of sentence. The amount of diminution of sentence allowed under the provisions of this Section shall be at the rate of thirty days for every thirty days in actual custody except for an inmate, convicted a first time of a crime of violence as defined in R.S. 14:2(13), who shall earn diminution of sentence at a rate of three days for every seventeen days in actual custody, including time spent in custody with good behavior prior to sentence for which defendant is given credit. [Emphasis added.]
Act 1099 became effective January 1,1997. Thus, according to Act 1099, a person convicted on or after January 1, 1997 of a crime of violence as described in La. R.S. 14:2 is eligible to earn good time credit at a rate of three days for every seventeen days in actual custody.
I sBuford’s grand jury indictment states that the dates of her offense of aggravated rape ranged “from 1990 until the summer of 1999,” well past the effective date of Act 1099, which was January 1, 1997. By stating on the grand jury indictment that the offense occurred through a period ending in the summer of 1999, it is clear that the charges against Buford included criminal activity that occurred after the effective date of Act 1099. Nothing in the record indicates otherwise. Furthermore, pursuant to La. R.S. 14:2(13)(i), as then enacted, aggravated rape is an enumerated offense 1 included as a crime of violence.
The Louisiana Supreme Court has consistently held that the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. See Massey, 149 So.3d at 783. Although some of Buford’s criminal actions were committed *179 both before and after the January 1, 1997 effective date of Act 1099, the grand jury indictment lists the offense as occurring “until the summer of 1999.” The. grand jury indictment does not separate nor specifically list the dates of Buford’s criminal activity; therefore, because the record clearly shows that Buford’s criminal activity extended beyond the January 1, 1997 effective date of Act 1099, Act 1099 governs the computation of Buford’s good time credit. The computation of Buford’s good time credit by DPSC in accordance with Act 1099 was correct, and we find no error in the DPSC’s agency decision to deny Buford’s ARP.
The commissioner’s recommendation, which was adopted by the district court on judicial review, states that “the Department’s decision to . deny good time eligibility is correct under the law and the facts as shownt in the record.” The commissioner relied on Act 1209 to “affirm” the DPSC’s decision to deny Buford good time credit. It is clear, however, that the commissioner misinterpreted the agency determination of the DPSC as the DPSC did not deny Buford good time |incredit, but clarified that Buford would receive 3 days for 17 days of good time credit in accordance with Act 1099.
Prior to its amendment, La. R.S. 15:537, which governs the sentencing of sexual offenders, provided that a sentencing court could deny or place conditions on the eligibility for good time credit for persons convicted of violations of Title 14 of the Revised Statutes and sentenced to imprisonment for a stated number of years or months, provided that good time credit would not be prohibited by La. R.S. 15:571.3(0 or (D). 1999 La. Acts 1209 amended La. R.S. 15:537 to provide that a person convicted of a crime pursuant to Title 14 of the Revised Statutes, including Buford’s conviction for aggravated rape, “shall not be eligible for diminution of sentence for good behavior.” Act 1209 became effective on August 15,1999. . .
The commissioner stated in his report that the decision of the DPSC “to deny good time eligibility is correct under the law and the facts as shown” ... “[bjecause the crime for which she was convicted was alleged to have been committed after the August 15, 1999” effective date of Act 1209. Thus, thé commissioner reasoned that the DPSC was “required by law to deny good time eligibility.”
In the first-step response to Buford’s ARP, the DPSC stated, in pertinent part:
You were originally placed under act 1209 due to the date of [her] arrest 09/17/1999 but due to. the bill of information in your record its [sic] states from 1990 until the SUMMER of 1999 it was determined that your act be changed to 1099. This gives you less time to serve. You do not qualify for act 138..
Contrary to the assertions of the commissioner, the DPSC did not deny Buford good time credit, it merely stated she was entitled to receive 3 days for 17 days good time credit in accordance with Act 1099, not 30 days for 30 days good time credit in accordance with Act 138. Additionally, in the second-step response to UBuford’s ARP, the DPSC clarified that Buford was entitled to “earn good time at a rate of three days for every seventeen days in actual custody” in accordance with Act 1099.
'Buford’s grand jury indictment states that the dates of her offense of aggravated rape ranged “from 1990 until the summer of 1999.” Since the indictment does not state that that any of Buford’s offenses occurred after August 15,.1999, the DPSC determined that Act 1209, amending La. R.S. 15:537, does not apply to prohibit Buford fi’om earning good time credit. As *180 such, we reiterate that the DPSC correctly calculated Buford’s good time credit eligibility pursuant to Act 1099.
We further note that the DPSC did not err or divest Buford of the' eligibility to receive 30 days for 30 days good time credit in accordance with 1975 La. Acts 727, 1977 La. Acts 633, or 1991 La. Acts 138, nor was it an application of an ex post facto law. In a post-sentence context, we note that once a sentence has been imposed on a defendant, any change in the law that later occurs cannot be applied to that defendant to increase that sentence or penalty. Anything other than or less than this is not protected by the ex post facto clauses in the United States and Louisiana Constitutions. Williams v. Creed, 2007-0614 (La.App. 1 Cir. 12/21/07), 978 So.2d 419, 425, writ denied, 2008-0433 (La.10/2/09), 18 So.3d 111. We find no error with the agency decision of the DPSC.
Although the reasons given by the commissioner in his report represent both an error of law and are manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record, the commissioner’s ultimate recommendation to affirm the agency decision of the DPSC and dismiss Buford’s petition for judicial review was correct. Furthermore, we owe no deference to the factual findings or legal conclusions of the district court when we review the action of the agency, in this case, the DPSC. Although the commissioner misinterpreted |1gthe .decision of the DPSC, the commissioner was correct,to affirm the agency’s decision (which we have discussed in great detail above) and dismiss Buford’s petition for judicial review with prejudice.
The conclusion in the commissioner’s report states that it is his recommendation that the decision of the DPSC — to award Bufoi'd good time credit at the rate 3 days for 17 days in accordance with Act 1099— be affirmed, and the commissioner’s recommendation makes no mention of Buford not being entitled to good time pursuant to Act 1209.' However, the final judgment of the district court on judicial review affirms the agency decision of the DPSC, adopting the reasons' contained in the commissioner’s report. As discussed, although the commissioner’s recommendation to affirm the agency decision of the DPSC was correct, his stated reasons for affirming were manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. Furthermore, the decretal language of the final judgment of the district court on judicial review erroneously states the decision of the DPSC: “IT IS ORDERED, ADJUDGED AND DECREED, 'that the Department’s decision to' deny good time eligibility be affirmed and that this appeal be dismissed with prejudice at the Petitioner’s costs.” As the DPSC did not deny Buford good time eligibility, we amend the judgment of the district court on judicial review to affirm the actual agency decision of the DPSC— to award Buford good time | ^credit at the rate 3 days for 17 days in accordance with Act 1099 — and affirm the- judgment, as amended. See La. C.C.Pi art. 2164.

CONCLUSION

After a. thorough review of the record, in consideration of Buford’s arguments on appeal, and applying the relevant law and jurisprudence, the February 27, 2015 judgment of the district court on judicial review is hereby amended to reflect that the decision of the DPSC was to award Buford good time credit at the rate of 3 days for 17 days in accordance with Act 1099, As amended, the February 27, 2015 judgment of the district court on judicial review is hereby affirmed. All costs of this appeal, *181 in the amount of $617.00, are assessed to the appellant, Gwendolyn Marie Buford.
JUDGMENT AMENDED AND, AS AMENDED, AFFIRMED. .
JEW, dissents and assigns written reasons.

. The office of commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The district judge "may accept, reject, or modify in whole or in part the findings or recommendations made by the commissioner and also may receive further evidence or recommit the matter to the commissioner with instructions." La. R.S. 13:713(C)(5); Abbott v. LeBlanc, 2012-1476 (La.App. 1 Cir. 3/25/13), 115 So.3d 504, 505 n. 1.

. Buford asserts ten assignments of error on appeal, the majority of which are repetitive and have been summarized in the preceding sentences.

. A “crime of violence,” which includes aggravated rape, means an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon. See La. R.S. 14:2(B).