DRAKE, J.
|aThe appellant, Frankie New, an inmate in- the custody of the Department; of Public Safety and Corrections (DPSC), housed at Avoyelles Correctional Center, appeals a judgment of the district court that dismissed his petition for judicial review. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

According to the DPSC Master Record, New is currently serving a seven-year sentence for simple burglary, as imposed on June 13, 2011 by the 23rd Judicial District Court in Ascension Parish, Louisiana, docket number 28312, running consecutively" to a six-month sentence for simple escape, as imposed on June 18, 2013 by the 20th Judicial"District Court "in "East Felici-ana Parish, Louisiana, docket number 13-CR-133. New was awarded good time for his time served on the simple burglary conviction pursuant to Act 572.[1] New was awarded good time for his'time served on the simple escape conviction pursuant to Act 110.[2]
New appeals a district court judgment dismissing, his petition for judicial review of the DPSC Disciplinary Board Appeal Number DCI-2013-100. The disciplinary action that is the subject of DCI-2013-100 addresses an incident that occurred, on February 18, 2013. New, who was on work release with the East Feliciana Parish Transitional Work Program, left his worksite at Elam’s Auto Service located in East Feliciana Parish. Two days later, on *347 February 20, 2013, New was apprehended at the Alamo Plaza Hotel in East Baton Rouge Parish. New was returned to East Feliciana Parish Prison and charged with escape, a violation of Rule # 8(B) of the Disciplinary Rules and Procedures for Adult Inmates, as well as theft, a violation of Rule # 22, for cashing his work release employment check |sduring his escape. New was removed from the work release program and placed in administrative lock-down.[3]
Following a Disciplinary Board hearing held on March 12, 2013, New was found guilty of escape, a violation of Rule # 8(B). The Board sentenced New to forfeiture of all his good time earned prior to the és-cape. The Board further sentenced New to maximum security and imposed restitution, although none was' assessed.'' The Board granted a motion to dismiss the Rule # 22 theft charge, as the body of the disciplinary report did not describe a Rule #22 violation. New appealed the disei-plinary matter within the DPSC in accordance with the Corrections Administrative Remedy Procedure (CARP), La, R.S. 15:1171-72, and was denied relief at all steps of the process.
' After exhausting his administrative remedies, New filed a petition for judicial review of the DPSC’s Disciplinary Board decision with the Nineteenth Judicial District Court; it was assigned to a commissioner for evaluation and to make a recommendation to the district court judge.[4] New argued that his good time credit should be restored because the DPSC violated its own rules and procedures for disciplinary actions by not affording him a disciplinary hearing within 72 hours of his placement in administrative lockdown, resulting in a violation of his right to due process. New further argued that he did not receive a Rcopy of the disciplinary report 24 hours prior to the hearing, a further violation of the DPSC’s rules and his. right to due process.[5]
*348 The Commissioner found that following Petitioner’s escape- on February 18, 2013,[6] a disciplinary hearing was held on March 12, 2013, after Petitioner was transferred from East Baton Rouge Parish Prison to East Feliciana Parish Prison, .the DPSC facility where he was placed in administrative lockdown. The Commissioner noted that due process required that New have notice and the right to defend himself against the escape charge. The Commissioner found that the hearing delay did not deprive New of his ability to counter the escape charge against him; thus, there was no substantial rights violation caused by the delay. The Commissioner did not specifically addi’ess New’s contention-that he did not receive a copy of the disciplinary report 24 hours prior to the'hearing. The district court signed a judgment affirming the administrative decision and dismissing New’s petition for judicial review.
RNew appealed from this judgment, arguing that the district court erred in:' (1) failing to grant his petition for judicial review; and (2) denying his due process rights by incarcerating New past his diminution -of sentence date.[7]

STANDARD OF REVIEW

Enacted in 1985, the Corrections Administrative. Remedy Procedure (CARP) .authorized the DPSC to adopt and implement an administrative remedy procedure for receiving, hearing, and disposing of any and all inmate complaints and grievances. La. R.S. 15:1171-72. As provided in CARP, an offender aggrieved by an adverse decision rendered pursuant to any administrative remedy procedure can institute proceedings for judicial review by filing a petition for judicial review in the Nineteenth Judicial District Court. La. R.S. 15:1177. On review of the agency’s decision, the district court functions as an appellate court. Its review' shall be confined to the record and shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. La. R.S. 15:ll77(A)(5). The court may affirm the decision of the agency or remand the case for further proceedings or order that additional evidence be taken. La. R.S. 15:1177(A)(8). The court may reverse or modify the administrative decision only if substantial rights • of the appellant have been prejudiced because the administrative . findings, inferences, cpnclusions, or decisions are: -(1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) af *349 fected by other error of law, (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion, or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. La. R.S. lfi15:1177(A)(9); Edwards v. Bunch, 2007-1421 (La.App. 1 Cir. 3/26/08), 985 So.2d 149, 152.
On review of the district court’s judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. Edwards, 985 So.2d at 152.

LAW AND DISCUSSION

The DPSC promulgated the Disciplinary Rules and Procedures for Adult Offenders, LAC 22:1.341 et seq., to govern all prisoner grievances in state penal institutions,
' Louisiana Revised Statutes 15:571.4(B)(1) provides for the forfeiture of all good time earned prior to the escape for “[a]n inmate who is sentenced to the custody of the Department of Public Safety and Corrections and who commits a simple or aggravated escape, as defined in R.S. 14:110, from any ... work-release facility ...” In addition, ' LAC 22:I.341(I)(8)(B), which provides for rules related to the forfeiture of good time from inmates who escape — as set forth in La. R.S. 15:571.4(B) — Contains the following definition óf “Simple Escape”:
[t]he intentional, unauthorized departure of an offender under circumstances in which human life was not endangered, including but not limited to: from the grounds of an institution, a designated area or place within an institution, the custody of a corrections’ employee while off the grounds of an institution or the custody of any law enforcemlent officer; the departure of a‘transitional-work-program offender from-the designated area where he is legally confined; the failure of an offender participating in a .transitional work program to report-or return from his planned employment or other activity at the appointed time,- or who leaves the job site or any other location where he is approved and expected to be for any reason without permission.. This includes. leaving without authorization from any penal and correctional facility, community rehabilitation center, |7transitional work program,., hospital, clinic and.any and all.programs where offenders are legally assigned:.
It is clear from the record that New, a work release inmate, left the designated area where he was legally confined without authorization. Furthermore, the penalties provided for violatioiis of '“simple escape,” ie., LAC 22:I.341(I)(8)(B), are set forth in Schedule B, winch specifically provides for the penalty of “Forfeiture of good time” and states that “[a]n offender is presumed to have earned his good time on the date of sentencing and may forfeit such good time at any point thereafter.” Schedule B further provides that the forfeiture of good time for escape (aggravated or simple) is “[u]p to a maximum Of all gobd‘time earned on that portion of the sentence served prior to the escape[.j” Therefore, New’s actions did qualify him for forfeiture of all earned good time under La. R.S. 15:57L4(B).. ‘ , - '
New argues that the forfeiture of his good time should be reversed because his right to due process was denied at' the Disciplinary Board héaring. New first argues that- he did not receive a copy of the disciplinary report 24 hours prior to the hearing, which is a violatioh of the DPSC’s rules and resulted in a -violation of his right to due process. New further argues *350 that the DPSC violated its own rules and procedures for. disciplinary actions by not affording him a disciplinary hearing within 72 hours of his placement in administrative segregation, resulting in a violation of his right to due process.
Under the- rules, a prisoner has certain rights when appearing before the Disciplinary Board, including the right to present evidence and witnesses on his behalf. These rights must be followed unless waived by the accused. LAC 22:1.341(G)(4)(b). A prisoner has the right to be given a written copy of the disciplinary report at least 24 hours before the hearing begins, which describes the -contents of the charges against him. LAC 22:I.341(J)(1). The rules also .provide [^certain procedural requirements, including the requirement that any offender placed in administrative segregation for. a rule violation must be given a disciplinary hearing within 72 hours of being placed in administrative , segregation. LAC 22:I.341(G)(3)(c)(i). When it is not possible to provide a full hearing within 72 hours .of placement in administrative segregation, the accused must be brought before the disciplinary board, informed-of the reasons for the delay, and remanded back to administrative segregation or released to his quarters after a date for a full hearing has been-set. LAC 22:I.841(G)(8)(c)(i).
As recognized by the Commissioner in his report, in 'order for the district court to reverse or modify the decisioh of the DPSC, New had to first show how his substantial rights were prejudiced by the decision. See La. R.S. 15:1177(A)(9). With regard to notice of the charges against him, in both Disciplinary Board appeal denials, the Board, noted that a copy of the report was provided to New more than 24 hours before the hearing. Furthermore, the officer’s signature on the report provides a reasonable factual basis for the conclusion that a copy of the report was given to New on February 21, 2013, well in advance of the disciplinary hearing, and the record does not demonstrate that this finding was clearly wrong. See Stobart v. State, through Dept. of Transp. and Dev., 617 So.2d 880, 882 (La.1993). Moreover, the' choice to accept that written evidence over the inmate’s statements is within the discretion of the trier of fact. See Cao, 915 So.2d at 858.
As to the DPSC’s violation of the 72-hour rule, New urges that a mere violation of the rule resulted in a substantial violation of his rights, but he offered no factual or legal support for his contention that the hearing delay adversely affected his ability to defend the escape charge lodged against him. While New correctly states that an offender placed in administrative segregation must be given a hearing within 72 hours of being placed in such, the rule provides for limited exceptions to this mandated hearing which include “good faith efforts by the 19administration.” See LAC 22:I.341(G)(3)(c)(i). In this case, as the. Commissioner noted, the delay was “apparently caused by the transfer from the East Baton Rouge Parish Prison facility [located in the parish where New was apprehended] back to East Feliciana Parish Prison [located in the parish where New was .incarcerated] where he was placed in administrative segregation due to his being a flight risk.” Because New has failed to offer any evidence to show how the DPSC’s actions prejudiced his substantial rights, modification or reversal of the disciplinary action is not warranted under the law., See Parker v. LeBlanc, 2002-0399 (La.App. 1 Cir.2/14/03), 845 So.2d 445, 446 and Giles v. Cain, 99-1201 (La.App. 1 Cir. 6/23/00), 762 So.2d 734, 739.
After a thorough review of the record, we conclude that the district court did not err in upholding the decision of the DPSC *351 Disciplinary Board in accordance with La. R.S. 15:1177.

DECREE

After a thorough review of the record, in consideration of Frankie New’s arguments on appeal, and applying the relevant law and jurisprudence, we find no error of law or abuse of discretion by the district court in adopting, as its own, the Commissioner’s report. Thus, we affirm the May 6, 2015 judgment of the district court and find that the district court’s reasons for judgment, as set forth in the Commissioner’s report, adequately explain the decision. We decline to assess costs in this pauper suit.
AFFIRMED.

. See 2006 La, Acts 572, § 1.

. See 2012 La. Acts 110, § 1.

. New was also booked for simple/aggravated escape, a violation of La. R.S. 14:110. As stated aboye, New was eventually convicted of simple escape and sentenced to six-months incarceration in the DPSC on June 18, 2013, by the 20th Judicial District Court in East Feliciana Parish, Louisiana, docket number ■ 13-CR-133.

. The office of commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A), The district judge "may accept, reject, or modify in whole or in part the findings or recommendations made by the commissioner and also may receive further evidence or recommit the matter to the commissioner with instructions.” La. R.S. 13:713(0(5); Abbott v. LeBlanc, 2012-1476 (La.App. 1 Cir.3/25/13), 115 So.3d 504, 505 n. 1.

. New also argued in his petition that his substantial rights were violated because in ordering him to forfeit his good time, the Board "took more good time” than New had actually earned, and, as forfeiture of prospective or future good time is not authorized by statute, the imposition of such a penalty is excessive. See Cao v. Stalder, 2004-0650 (La.App. 1 Cir.5/6/05), 915 So.2d 851, 857-58. Further, this issue is addressed throughout New’s appellant brief. New states that the Disciplinary Board sentenced him to forfeit "alLgood time credit earned up to the point of the escape,” which the Board stated was "11 months 21 days.” In contrast, New asserts the DPSC states he earned, and as a result of the Disciplinary Board appeal, .forfeited 823 days of good time. It appears that New’s challenge to the DPSC’s computation of his good time credit-'is addressed in a separate Administrative -Remedy Procedure (ARP), AVC 2015-98. That ARP is not the subject of the'instant appeal, nor is it made párt of the record on appeal in this case; thus, we are -'restrained from considering this argument and pretermit any further discussion on the issue. See Tranum v. Hebert, 581 So.2d 1023, 1026 (La.App. 1 Cir.), writ denied, 584 So.2d 1169 (La.1991).
In his petition, New also argued that he was sanctioned with three penalties at his *348 Disciplinary Board hearing: (i) forfeiture of good time, (ii) custody change to maximum security, (iii) and restitution; however, according to New, the DPSC rules only permit .two sanctions per Schedule B violation. -.We note that nowhere else in the record does New make this argument, nor does he assign it as an error on appeal. .Further, LAC 22:1.341(G)(6)(e) provides, that "[r]estitution may be imposed in accordance with.established policies and procedures and is not considered a disciplinary sanction and may be assessed in addition to any other permissible penalties.” Therefore, we pretermit discussion of this argument.

, The Commissioner's report identifies the date of escape as February 21, 2013; however, this appears to be a typographical error as the DPSC disciplinary report identifies the date of the incident as February 18, 2013. The facts indicate that New was captured on the 2.1st, which may explain the Commissioner's selection of that date.

. New previously applied for supervisory writs in this matter. See In Re: Frankie New, 2015-0190 (La.App. 1 Cir.5/4/15) (unpublished writ action). This court denied the writ application after being advised by the Commissioner’s office that the matter was proceeding toward disposition of New's petition for judicial review.