WELCH, J.
The appellant, Avis Williams, an inmate in the custody of the Department of Public Safety and Corrections ("DPSC") and housed at Rayburn Correctional Center, appeals a judgment of the district court that dismissed his petition for judicial review. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Williams appeals a district court judgment dismissing his petition for judicial *691 review of the DPSC Disciplinary Board Appeal number WNC-2016-129. The disciplinary action that is the subject of WNC-2016-129 addresses an incident that occurred on April 25, 2016, wherein Williams attempted to engage in a "non-professional" relationship with a DPSC employee.[1] The DPSC placed Williams in administrative segregation pending investigation. On May 3, 2016, the DPSC charged Williams with general prohibited behavior, a violation of Rule # 30(D) of the Disciplinary Rules and Procedures for Adult Inmates.
On May 6, 2016, the DPSC deferred Williams's hearing due to him "being in transit."[2] Thereafter, following a hearing held on May 11, 2016, the Disciplinary Board found Williams guilty of general prohibited behavior, a violation of Rule # 30(D).[3] The Board sentenced Williams to a custody change[4] and imposed a twelve-week loss of canteen privileges. Williams appealed the disciplinary matter within the DPSC in accordance with the Corrections Administrative Remedy Procedure ("CARP"), La. R.S. 15:1171 -79, arguing that the 72-hour rule was violated.[5] The DPSC denied his appeal.
After exhausting his administrative remedies, Williams filed a petition for judicial review of the DPSC's Disciplinary Board decision with the Nineteenth Judicial District Court.[6] The case was assigned to a commissioner for evaluation and to make a recommendation to the district court judge.[7] Williams argued that DPSC violated its own rules and procedures for disciplinary actions by not affording him a disciplinary hearing within 72 hours of his placement in administrative lockdown, resulting in a violation of his right to due process. The DPSC answered, denying *692 Williams's claims and specifically stating that Williams failed to show that the DPSC was clearly wrong in upholding his conviction for a Rule # 30(D) violation.
The Commissioner ordered the matter remanded to the DPSC for an expansion of the record to include the audio recording of the disciplinary hearing and stayed the case for 30 days pending the supplement of the record. Thereafter, the Commissioner issued a rule to show cause, ordering the DPSC to show cause why it should not be held in contempt for failing to comply with the Commissioner's order to supplement the administrative record with the audio recordings of Williams's disciplinary hearing. According to the minutes contained in the record, the show cause hearing never occurred; further, it is not clear from the record whether the audio recordings were ever supplemented to the administrative record by the DPSC.
Thereafter, the Commissioner issued his recommendation, finding that Williams was not entitled to relief because he had alleged no substantial right that was violated. The Commissioner did not specifically address Williams's contention on administrative appeal that his due process rights were violated when he did not receive a disciplinary hearing within 72 hours of being placed in administrative segregation.
The district court signed a judgment affirming the administrative decision and dismissing Williams's petition for judicial review.
Williams has appealed from that judgment, arguing that the DPSC violated its own rules and procedures for disciplinary actions by not affording him a disciplinary hearing within 72 hours of his placement in administrative segregation, resulting in a violation of his right to due process.
STANDARD OF REVIEW
Enacted in 1985, CARP authorized the DPSC to adopt and implement an administrative remedy procedure for receiving, hearing, and disposing of any and all inmate complaints and grievances. La. R.S. 15:1171 -79. As provided in CARP, an offender aggrieved by an adverse decision rendered pursuant to any administrative remedy procedure can institute proceedings for judicial review by filing a petition for judicial review in the Nineteenth Judicial District Court. La. R.S. 15:1177. On review of the agency's decision, the district court functions as an appellate court. Its review shall be confined to the record and shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. La. R.S. 15:1177(A)(5). The court may affirm the decision of the agency or remand the case for further proceedings or order that additional evidence be taken. La. R.S. 15:1177(A)(8). The court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion, or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. La. R.S. 15:1177(A)(9) ; Edwards v. Bunch, 2007-1421 (La. App. 1st Cir. 3/26/08), 985 So.2d 149, 152.
On review of the district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district *693 court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. Edwards, 985 So.2d at 152.
Under the Disciplinary Rules and Procedures for Adult Offenders, a prisoner has certain rights when appearing before the Disciplinary Board, including the right to present evidence and witnesses on his behalf. LAC 22:1.341(J)(5). These procedural rights must be followed unless waived by the accused. LAC 22:1.341 (G)(4)(b). The rules also provide certain procedural requirements, including the requirement that any offender placed in administrative segregation for a rule violation must be given a disciplinary hearing within 72 hours of being placed in administrative segregation. LAC 22:I.341(G)(3)(c)(i). When it is not possible to provide a full hearing within 72 hours of placement in administrative segregation, the accused must be brought before the Disciplinary Board, informed of the reasons for the delay, and remanded back to administrative segregation or released to his quarters after a date for a full hearing has been set. LAC 22:I.341(G)(3)(c)(i).
As recognized by the Commissioner in his report, in order for the district court to reverse or modify the decision of the DPSC, Williams had to first show that his substantial rights were prejudiced by the decision. See La. R.S. 15:1177(A)(9). As to the DPSC's violation of the 72-hour rule, Williams urges that a mere violation of the rule resulted in a substantial violation of his rights, but he offered no factual or legal support for his contention that the hearing delay adversely affected his ability to defend the general prohibited behavior charge lodged against him. While Williams correctly states that an offender placed in administrative segregation must be given a hearing within 72 hours of being placed in such, the rule provides for limited exceptions to this mandated hearing which include "good faith efforts by the administration." See LAC 22:I.341(G)(3)(c)(i). In this case, the administrative record indicates that the delay in Williams's hearing was due to Williams being in transit during the 72-hour period. Williams has offered no evidence to contradict the DPSC's contention that his hearing was delayed due to him being in transit.
Furthermore, as the Commissioner noted:
[T]he only penalties imposed were a custody change, and a loss of canteen. [Williams] was afforded a hearing and an appeal of the ruling to the Warden and the [DPSC] Secretary. Considering the nature of the penalty, and the fact that it does not affect the length of [Williams's] sentence or present any other drastic departure from expected prison life, [Williams] fails to set forth a substantial right violation....
Because Williams has failed to offer any evidence to show how the DPSC's actions prejudiced his substantial rights, modification or reversal of the disciplinary action is not warranted under the law. See Parker v. LeBlanc, 2002-0399 (La. App. 1st Cir. 2/14/03), 845 So.2d 445, 446 and Giles v. Cain, 99-1201 (La. App. 1st Cir. 6/23/00), 762 So.2d 734, 739. After a thorough review of the record, we conclude that the district court did not err in upholding the decision of the DPSC Disciplinary Board in accordance with La. R.S. 15:1177.
DECREE
After a thorough review of the record, in consideration of Avis Williams's arguments on appeal, and applying the relevant law and jurisprudence, we find no error of law or abuse of discretion by the district court in adopting, as its own, the Commissioner's report. Thus, we affirm the November 21, 2017 judgment of the district court and *694 find that the district court's reasons for judgment, as set forth in the Commissioner's report, adequately explain the decision. We decline to assess costs in this pauper suit.
AFFIRMED.

The Disciplinary Report indicates that Investigation Services received information involving Williams and a Winn Correctional Center officer; upon searching the personal vehicle of the officer, letters written by Williams were found wherein he attempted to engage in a non-professional relationship with the officer.

The reason for Williams "being in transit" is unclear. Williams alleges he was "on a hospital trip;" however, the location and dates of this alleged hospital trip do not form a part of the record. Williams also alleges he was transferred from Elayn Hunt Correctional Center in St. Gabriel, Louisiana to Rayburn Correctional Center in Angie, Louisiana due to this disciplinary violation, which could also be the reason for Williams "being in transit." However, the record indicates that the disciplinary violation occurred at Winn Correctional Center in Winnfield, Louisiana.

See LAC 22:1.341 (I)(30)(D).

The DPSC Master Record indicates that the custody change was to "maximum" or "extended lockdown."

The Disciplinary Rules and Procedures for Adult Offenders requires that any offender placed in administrative segregation for a rule violation must be given a disciplinary hearing within 72 hours of being placed in administrative segregation. LAC 22:I.341(G)(3)(c)(i).

In his petition for judicial review, Williams noted that an attached page set forth his statement of claim as to why the DPSC's final agency decision was incorrect; however, the record on appeal does not contain a copy of the attached page/statement of claim. In his brief supporting his petition for judicial review, Williams presented arguments as to why the DPSC's final agency decision was incorrect.

The office of commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The district judge "may accept, reject, or modify in whole or in part the findings or recommendations made by the commissioner and also may receive further evidence or recommit the matter to the commissioner with instructions." La. R.S. 13:713(C)(5) ; New v. Louisiana Dep't of Pub. Safety & Cor r. , 2015-1160 (La. App. 1st Cir. 2/24/16), 190 So.3d 345, 347 n.4.