**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 23 1998**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

JOHN M. RICKS,

      Plaintiff - Appellant,

  and

EVERETT E. BOSWELL, et al.,

      Plaintiffs,

    v.

HERBERT R. TILLERY,
Commandant, USDB Ft. Leavenworth,

      Defendant - Appellee.

No. 98-3023

(D. Kansas)

(D.C. No. 96-CV-3475)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

John M. Ricks, a federal prisoner appearing pro se, appeals the district court's dismissal of his claim pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), for failure to state a claim upon which relief could be granted.  We affirm.

This case arises out of two incidents that occurred at the United States Disciplinary Barracks in Fort Leavenworth, Kansas.  First, in September 1996, a guard cage in the 4 Wing Domicile was doused with human waste and water.  When inmates refused to provide the names of the perpetrators, the entire 4 Wing Domicile was given eight days of "Recreation Restriction," or partial lockdown.[1]  Then, in January 1997, two fires broke out in other domiciles and the entire facility, including 4 Wing, was given lockdown.[2]  Allegedly, 4 Wing's lockdown continued for twenty-two days, longer than that of any other domicile.  It appears that in both incidents, prison officials imposed the lockdowns without affording

---

[1]Under the partial lockdown, inmates of 4 Wing were locked down only in the evenings.  Although they were denied outdoor/indoor recreation, house recreation, library privileges, and craft shop call, they were allowed to attend scheduled academics, visitations, and worship services. They also continued to fulfill work assignments and eat with the facility's general population.  See Original Complaint of Oct. 4, 1996, Attachments II, III; Appellant's Br. at 2.

[2]It is not clear from the record whether this lockdown was partial or complete.

-2-

the inmates a hearing or offering them a written statement of the reasons for the restrictions.

As a result of these lockdowns, a number of 4 Wing inmates, including Mr. Ricks, filed a Bivens complaint against the Commandant and other military correctional officers in their official and individual capacities, and against numerous correctional employees in their official capacities. The complaint, as amended and supplemented,[3] alleged that prison officials had enforced "en mass disciplinary actions against [the inmates], without any due process," inflicted cruel and unusual punishment on them, and retaliated against them for filing suit. The district court dismissed the complaint for failure to state a claim upon which relief could be granted. Mr. Ricks now appeals, arguing only that the prison officials' actions violated his Fifth Amendment right to due process.

We review the dismissal of a complaint for failure to state a claim de novo. Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 854 (10th Cir. 1996).

Construing the complaint liberally, as we are required to do, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we conclude that Mr. Ricks has not shown a constitutional violation as required to state a claim pursuant to Bivens. See Bivens, 403 U.S. at 396-97. He argues only that the lockdowns were improper

---

[3]The inmates' original complaint was filed immediately after the September incident. Later, the inmates amended their complaint and filed supplemental pleadings which addressed the January incident and added claims of retaliation.

because under the Due Process Clause, he has an "inherent right to be free from punishment for acts committed by others." Appellant's Br. at 6. The real issue in this case, however, is whether the Due Process Clause creates a right for prisoners to leave the area around their cells or not to be subjected to lockdowns. We hold that it does not. See Higgason v. Farley, 83 F.3d 807, 809 (7th Cir. 1996); see also Sandin v. Conner, 515 U.S. 472, 484 (1995) (rejecting the claim that "any state action taken for a punitive reason encroaches upon a liberty interest under the Due Process Clause"); Hewitt v. Helms, 459 U.S. 460, 467-70 (1983) (holding that the Due Process Clause alone does not grant inmates a protectable interest in being in the general population of the prison); Meachum v. Fano, 427 U.S. 215, 224 (1976) (stating that the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner). Even assuming the lockdowns were punitive, as Mr. Ricks alleges, they do not "present a dramatic departure from the basic conditions of [his] . . . sentence." Sandin, 515 U.S. at 485.

Accordingly, Mr. Ricks has failed to show that he was deprived of a liberty interest, and thus, has failed to state a claim for which relief could be granted.[4]

AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[4]In the absence of an inherent liberty interest, Mr. Ricks could allege that prison officials violated a protected liberty interest created under federal law. However, although the inmates' original complaint did assert that prison officials had violated 10 U.S.C. § 893 and Army Regulation 190-47, Mr. Ricks does not raise this issue on appeal, and we do not address it. See Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991). Even were we to construe his arguments broadly to include this issue, Mr. Ricks has not demonstrated that the lockdowns at issue here imposed on him an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484; see Talley v. Hesse, 91 F.3d 1411, 1413 (10th Cir. 1996). In addition, he has failed to show that the lockdowns he experienced will "inevitably affect the duration of his sentence," Sandin, 515 U.S. at 487.