NOT FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2019 CA 1264

ALDOLPHUS WILSON

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

JUDGMENT RENDERED: **MAY 2 8 2020**

* * * * * * *

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge • State of Louisiana
Docket Number 684530 • Section 24

The Honorable R. Michael Caldwell, Judge Presiding

* * * * * * *

| | |
|---|---|
| Aldolphus Wilson, Sr., D.O.C. #731398<br>*LPSO Transitional Work Program*<br>Raceland, Louisiana | APPELLANT,<br>PLAINTIFF—*Pro Se* |
| Jonathan R. Vining<br>Baton Rouge, Louisiana | ATTORNEY FOR APPELLEE,<br>DEFENDANT—Louisiana<br>Department of Public<br>Safety and Corrections |

* * * * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

**WELCH, J.**

The plaintiff, Aldolphus Wilson, Sr., an inmate sentenced to the custody of the Department of Public Safety and Corrections ("DPSC"), filed a petition for judicial review of the Disciplinary Board Appeal number RCC-2019-101 in accordance with the Corrections Administrative Remedy Procedure ("CARP"), La. R.S. 15:1171 *et seq.* The disciplinary action that is the subject of RCC-2019-101 addresses an incident that took place on February 20, 2019. Mr. Wilson, who was housed at Rayburn Correctional Center ("RCC"), was a participant in RCC's "Cage Your Rage" anger management program.[1] On the date of the incident, Mr. Wilson was tardy to a call-out to appear at the "Cage Your Rage" class and was charged with aggravated disobedience (Schedule B), a violation of Rule #5 of the Disciplinary Rules and Procedures for Adult Inmates. Following a Disciplinary Board hearing on February 27, 2019, Mr. Wilson was found guilty of aggravated disobedience (Schedule B), a violation of Rule #5. The Board sentenced Mr. Wilson to two weeks of dorm confinement. In his brief, Mr. Wilson alleged that he was also removed from the "Cage Your Rage" program for missing more than the allotted number of unexcused absences. Mr. Wilson appealed the disciplinary matter within the DPSC in accordance with CARP and was denied relief at all steps of the process.[2]

---

[1] "Cage Your Rage" is one of the most widely used anger control programs in correctional institutions. The program is designed to facilitate discussions about managing volatile emotions. Videos include dramatized scenes to stimulate discussion and demonstrate anger management techniques. Offenders recognize their feelings of anger, learn their causes, and deal with them in a responsible way. See "Anger Management: Cage Your Rage," *Therapeutic Programs, Anger and Stress Management*, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS CATALOG OF REHABILITATIVE PROGRAMS, https://lajudicialcollege.org/wp-content/uploads/2012/10/C-6.-Catalog-of-DOC-Rehabilitative-Services.pdf (last accessed Feb. 27, 2020).

[2] In a similar, previous incident that took place on January 9, 2019—the subject of RCC-2019-044—Mr. Wilson was absent and/or tardy to a call-out to appear at the "Cage Your Rage" class and was charged with aggravated disobedience (Schedule B), a violation of Rule #5. Following Disciplinary Board hearings on January 16 and 23, 2019, Mr. Wilson was found guilty of aggravated disobedience (Schedule B), a violation of Rule #5. The Board sentenced Mr. Wilson to a loss of two weeks of yard and recreation privileges. Mr. Wilson appealed the disciplinary matter within the DPSC in accordance with CARP and was denied relief at all steps of the process. After exhausting his administrative remedies, Mr. Wilson filed a petition for judicial

After exhausting his administrative remedies, Mr. Wilson filed a petition for judicial review of the DPSC's Disciplinary Board decision with the Nineteenth Judicial District Court ("19th JDC") on June 21, 2019; it was assigned to a commissioner for evaluation and to make a recommendation to the district court.[3]

In her screening report, the Commissioner noted that two weeks of dorm confinement was a valid, authorized penalty for a Schedule B Rule violation under the DPSC's Disciplinary Rules and Procedures for Adult Inmates. The Commissioner also stated that Mr. Wilson's complaints of being removed from the "Cage Your Rage" program and penalty of two weeks of dorm confinement did not involve a substantial right nor state a cause of action for judicial review. The Commissioner recommended affirming the DPSC's Disciplinary Board decision and dismissing Mr. Wilson's petition in accordance with La. R.S. 15:1172(C) and applicable law. After making a careful *de novo* review of the record, the district court signed a judgment on August 5, 2019, adopting the reasons of the Commissioner, affirming the DPSC's Disciplinary Board decision, and dismissing Mr. Wilson's petition for judicial review, with prejudice. Mr. Wilson now appeals that judgment.

The Commissioner's report, which we adopt herein and attach hereto as Exhibit A, gives a history and review of the relevant events as well as the applicable legal issues. Finding that the June 25, 2019 Commissioner's report and the August 5, 2019 district court's judgment sufficiently state our reasons for

---

review of the DPSC's Disciplinary Board decision with the 19th JDC (Docket No. C683384, Sec. 25) on May 23, 2019. The district court signed a judgment on July 22, 2019, affirming the Disciplinary Board decision and dismissing Mr. Wilson's petition for judicial review. Mr. Wilson appealed that decision to this court, which is the subject of a pending appeal. See **Wilson v. James M. LeBlanc, Secretary, Louisiana Dept. of Public Safety & Corrections, et al.,** 2019 CA 1358.

[3] The Office of Commissioner of the 19th JDC was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The Commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5); **Abbott v. LeBlanc,** 2012-1476 (La. App. 1st Cir. 3/25/13), 115 So. 3d 504, 505 n.1.

3

judgment, we affirm the district court's judgment. We issue this summary opinion in accordance with the Uniform Rules of Louisiana Courts of Appeal, Rule 2–16.2(A)(1), (2), (5), (6), and (10). All costs of this appeal are assessed to the plaintiff, Aldolphus Wilson, Sr. See, e.g., **Black v. Hayes**, 2015-1320 (La. App. 1st Cir. 6/3/16), 2016 WL 3134475, at *1 (unpublished).

**AFFIRMED.**

ALDOLPHUS WILSON, SR
DOC #731398

VERSUS

LA. DEPT. OF PUBLIC SAFETY
& CORRECTIONS

NO. C-684530 SECTION: 24

19TH JUDICIAL DISTRICT
COURT

PARISH OF EAST BATON
ROUGE

STATE OF LOUISIANA

## COMMISSIONER'S SCREENING RECOMMENDATION

Petitioner, an inmate in the custody of the Department of Public Safety and Corrections, filed this appeal of prison disciplinary decision in DBA #RCC-2019-101. Attached to his petition was the Second Step response issued by the Department's Secretary, wherein petitioner's claim was denied. Pursuant to R.S. 15:1178 and R.S. 15:1188, this Court is required to screen all suits filed by prisoners before service in order to determine whether the petition states a cause of action or cognizable claim for which relief may be available, and also to determine whether it is frivolous and/or malicious. This screening report is issued for the Court's *de novo* consideration and adjudication of the merits of the Petitioner's claim for relief.

## ANALYSIS OF THE FACTS AND LAW

The scope of this Court's review is limited by R.S. 15:1177(A)(5) & (9), which states, in pertinent part, as follows:

> (5) The review shall be conducted by the Court without a jury and shall be confined to the record. The review shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level.

> \* \* \* \* \* \* \* \* \* \*

> (9) The court may reverse or modify the decision **only if substantial rights of the appellant have been prejudiced** because the administrative findings, inferences, conclusions or decisions are:

5

a. In violation of constitutional or statutory provisions;

b. In excess of the statutory authority of the Agency;

c. Made upon unlawful procedure;

[d]. Affected by other error of law;

[e]. Arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion; or

f. Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. (Emphasis added).

Petitioner attached a copy of the final decision issued herein, as required by the Uniform District Court Rules involving inmate litigation. According to that document, the Petitioner was found guilty of violating Prison Disciplinary Rule #5 Aggravated Disobedience and received a penalty of two (2) weeks dorm confinement.[4] The petition shows that Petitioner had a hearing on the disciplinary matter and was able to appeal that decision to both the Warden and the Department's Secretary, both of whom affirmed the disciplinary board's decision.[5] The penalty of two (2) weeks dorm confinement is a valid, authorized penalty for Schedule B Rule violations under the Department's Rules and Procedures.[6]

In Petitioner's appeal to this Court, he also complains about being removed from the Cage Your Rage program.[7] However, Petitioner has not alleged a cause of action for judicial review. Petitioner has no statutory or constitutional right to participate in the Cage Your Rage program. Under the Supreme Court's holding in *Sandin v. Conner*, [d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law, in determining whether such sanctions violate [a prisoner's] due process

---

[4] See Disciplinary Board Appeal Case # RCC-2019-101 dated 02/27/19.
[5] *Id.*
[6] See LAC 22: I: 345 et seq.
[7] See Petition for Judicial Review § V. Relief at p. 3.

liberty interest.[8] The Petitioner was given a hearing and an appeal to the Warden and Secretary. This procedure more than meets that required under the jurisprudence. And, absent factual allegations supporting "a substantial right violation," Petitioner fails to state a cause of action because he does not meet the threshold requirement that would permit this court to intervene in the authority of the prison administration to enforce discipline and security at the prison.[9]

> "In Louisiana, prison officials are accorded wide latitude in the administration of prison affairs. Only in extreme cases will courts interfere with the administration of prison regulations or disciplinary procedures."[10]

## DETERMINATION OF A SUBSTANTIAL RIGHT VIOLATION

As stated hereinabove in Subsection 9 of R.S. 15:7377(A), this Court may intervene and reverse and/or modify the decision of the Agency in this matter **only** if substantial rights of the Petitioner have been prejudiced. In this case, based upon the penalty imposed, no substantial right has, in fact, been violated, and therefore, this Court has no authority to overturn the Department's decision in this case.

For purposes of a Disciplinary Board Appeal, (following the Supreme Court's decision in *Sandin v. Conner*, infra), the jurisprudence holds that a substantial right would be limited to one in which the Petitioner has a "liberty" or due process interest.[11]

> "The due process clause does not protect every change in conditions of confinement which has a substantial adverse effect upon a prisoner."[12]

> "As long as the condition or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the due process clause does not in itself

---

[8] 115 S.Ct. 2293, 2301 (1995).
[9] See R.S. 15:1177(A)(9) above; also *Sandin v. Conner*, 115 S.Ct. 2293 (1995); *Lay v. Porey* 727 So2d 592 (1st Cir. 1998).
[10] *Watts v. Phelps* 377 So2d 1317,1320 (1st Cir. 1995); See also, *Sanchez v, Hunt* 329 So2d 691 (La. 1976), *Victorian v. Stalder* 770 So2d 392 (1st Cir. 2000); Lay v. Rachel-Major 761 So2d 723 (1st Cir. 2000).
[11] See *Sandin v. Conner*, 115 S.Ct. 2293 (1995).
[12] *Sandin v. Conner*, 115 S.Ct. 2293 (1995) at 2297, citing *Meachum v. Fano*, 96 S.Ct. 2532.

subject an inmate's treatment by prison authorities to judicial oversight."[13]

"Whether any procedural protections are due depends on the extent to which an individual will be condemned to suffer 'grievous loss'."[14]

In the case of *Sandin v. Conner*, the Supreme Court sought to clarify the proper analysis to determine liberty interests and due process rights of a prisoner in a disciplinary proceeding, for which judicial intervention might apply.[15] The Court specifically discussed the circumstances under which a prisoner would be entitled to the protection of the due process clause in facing prison disciplinary charges. The *Sandin* court held that *no inmate has a constitutionally protected liberty interest in an ordinary disciplinary hearing unless he suffers some "atypical substantial hardship,"* such as a loss of good time or the involuntary administration of psychotropic drugs—which did not occur in this case.[16] The Courts stated that the type of liberty interest requiring some measure of due process by the State includes those interests in freedom from restraint that impose unusually difficult hardships on the inmate or a "dramatic departure from basic conditions" in relation to the ordinary incidence of prison life.

Specifically, even confinement to disciplinary segregation was held not to "present the type of atypical significant deprivation which a state might

---

[13] *Montanye v. Haymes*, 96 S.Ct. 2543 (1976) at p. 2543; (see also, *Hewit v. Helms*, 103 S.Ct. 864 (1983).

[14] *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593 (1972) at p. 2600.

[15] The Court stated that the "mechanical" liberty interest analysis suggested by Hewitt v. Helms supra., and following cases, had confused the criteria to determine a liberty interest, and resulted in encouraging inmates to comb the regulations for "mandatory language" while discouraging prison officials from publishing uniform rules and regulations for fear of "creating" a liberty interest in their procedures. (See *Sandin v. Conner*, supra.)

[16] Previous State case law based upon Federal jurisprudence has held that prisoners may have a protected liberty interest in not being confined to extended lockdown, based upon "mandatory language" in a prison regulation or rule. See, Wallace v. Tier, 527 So2d. 1061 (La.App. 1st Cir. 1988, citing *McCrae v. Hankins*, 720 F2d. 863 (5th Cir. 1983.) However, the Supreme Court noted in *Sandin* that the prior due process analysis using the "mandatory language" criteria was improper and unworkable since *Hewitt*, and the Court sought to set out a bright line for future decisions regarding Disciplinary Board appeals.

conceivably create a liberty interest in."[17] Consequently, this penalty does not rise to the level of atypical punishment.

If the punishment affects only the custody status or classification of an inmate, and not the date of eventual release, (such as a loss of good-time would), and is not a "dramatic departure" from expected maximum-security prison life, due process merely requires the prisoner to be given the opportunity to give his version of the incident.[18] He need not be allowed to present evidence, cross-examine witnesses, etc.[19] In this case, the Petitioner was given a hearing wherein he could state his version of events, and he was given the right to appeal the adverse decision. Therefore, his due process rights were satisfied.

Following the lead of the Supreme Court in *Wolff v. McDonnell* 94 S.Ct. 2963 (1974) and *Sandin v. Connor*, supra, the Fifth Circuit noted in the case of *Madison v. Parker*, 104 F.3d. 765 (5th Cir. 1997), that no liberty right is created by a change in the quality of confinement as opposed to the quantity thereof. In the case of *Clark v. Rayborn*, the Sixth Circuit, in applying the *Sandin* holding, found that an inmate had no constitutionally protected liberty interest in an ordinary disciplinary hearing absent an atypical, significant penalty, and therefore had no right to complain.

> "It is difficult to see that any other deprivation in the prison context short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional liberty status."[20]

> "Even assuming the lockdowns were punitive..., they do not 'present a dramatic departure from the basic conditions of [his] sentence.'"[21]

---

[17] *Ibid. Sandin* at p. 2301.
[18] *Sandin v. Conner*, supra.
[19] *Sandin v. Conner*, supra.
[20] *Orellana v. Kyle* 65 F3d 29, 31-32 (CA 5, 1995)
[21] *Ricks v. Boswell* 149 F3d 1191 (CA 10 [Kansas], 1998).

## SUMMARY

In this case, the penalty imposed was dorm confinement for two (2) weeks. The Petitioner was afforded a hearing and an appeal of the ruling to the Warden and the Secretary. Considering the nature of the penalty, and the fact that it does not affect the length of the Petitioner's sentence or present any other drastic departure from expected prison life, the Petitioner fails to set forth a substantial right violation which would authorize this Court to intervene and reverse the Agency's decision.[22] Consequently, this Court has no authority to review the claims raised based on the allegations made. This suit must be dismissed because it is without a basis in law or fact. Based on my analysis herein, my formal recommendation follows.

## COMMISSIONER'S SCREENING RECOMMENDATION

Having considered the entire record and the applicable law, I find that the Petitioner not only fails to show that the decision of the disciplinary board was arbitrary, capricious, or manifestly erroneous in violation of any of his rights, but also fails to show that this court can grant him any relief that he requests. Therefore, I recommend that the disciplinary decision be affirmed and that this appeal be dismissed with prejudice at Petitioner's costs.

Respectfully recommended, this the 25th day of June 2019 in Baton Rouge, Louisiana.

/Kina T. Kimble/
**KINA T. KIMBLE**
**COMMISSIONER, SECTION R**
**19ᵀᴴ JUDICIAL DISTRICT COURT**

---

[22] See R.S. 15:1177A(9).

10

ADOLPHUS WILSON

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS

NO. 2019 CA 1160

COURT OF APPEAL

FIRST CIRCUIT

STATE OF LOUISIANA

 **HOLDRIDGE, J., concurring.**

I concur in the dismissal of the appeal, but I express no opinion on the disciplinary action since this court has no authority to review the claims raised by the appellant. <u>See</u> **Lyles v. La. Dept. of Public Safety & Corrections**, 2019-0855 (La. App. 1 Cir. 2/21/20), 2020 WL 859556, at *2-3 (unpublished).