## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 1115

DARRIN ROBINSON

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY &
CORRECTIONS

Judgment Rendered: **MAY 1 8 2023**

\* \* \* \* \* \* \*

On Appeal from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. C707742

Honorable Kelly Balfour, Judge Presiding

\* \* \* \* \* \* \*

Darrin Robinson                                       Plaintiff/Appellant,
Raymond Laborde Correctional Center       In Proper Person
Cottonport, Louisiana


Jonathan Vining                                      Attorneys for Defendant/Appellee,
Aisha K. Mirza                                        Louisiana Department of Public
Baton Rouge, Louisiana                           Safety and Corrections


\* \* \* \* \* \* \*

BEFORE: WELCH, PENZATO, AND LANIER, JJ.

Welch, J. concurs in result without reasons

**PENZATO, J.**

Darrin Robinson, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), appeals a district court judgment dismissing his petition for judicial review as moot and assessing him with the cost of the suit. Because we conclude that the district court lacked subject matter jurisdiction, we amend the district court's judgment to reflect that Mr. Robinson's application for judicial review is dismissed for lack of subject matter jurisdiction, and affirm the judgment as amended.

## FACTS AND PROCEDURAL HISTORY

Mr. Robinson is an inmate housed at Raymond Laborde Correctional Center (RLCC). On June 22, 2020, he was found guilty by a legally sanctioned Disciplinary Board of violating Rule #1 Contraband. He was sentenced to 20 days disciplinary segregation and 30 days forfeiture of good time. Mr. Robinson appealed, and on July 10, 2020, it was determined that proper procedure had not been followed, and Mr. Robinson was granted a rehearing. The rehearing was never held.

On July 13, 2020, Mr. Robinson was found guilty by a legally sanctioned Disciplinary Board of violating Rule #11 Aggravated Fight and was sentenced to 30 days forfeiture of good time, 1-week loss of canteen, and restitution in the amount of $10.00 for medical expenses. Mr. Robinson appealed. On July 22, 2020, an appeal decision was issued indicating that Mr. Robinson would be granted a rehearing at least 24 hours after he was given a copy of the disciplinary report, which was given to him on July 23, 2020. The rehearing was never held.

On April 6, 2021, Mr. Robinson initiated an Administrative Remedy Procedure (ARP No. RLCC-2021-202), asserting that his disciplinary convictions had been administratively reversed, but the punishments were continuing to be enforced, including the loss of good time credits and his continued custody in

2

disciplinary segregation. Mr. Robinson sought the following relief: "that the said punishments be vacated, terminated, and nullified and that said reversed convictions be expunged from [his] record; that [he] be IMMEDIATELY released from maximum custody and ... returned to [his] previous housing ..., and that [he] be paid a reasonable sum." On April 12, 2021, Mr. Robinson's ARP was rejected for the following reason: "OVER 90 DAYS DISCIPLINARY."

On May 14, 2021, Mr. Robinson filed a petition for judicial review in the Nineteenth Judicial District Court (19th JDC). Mr. Robinson noted that his ARP was rejected admission into the ARP process on the grounds that over 90 days had elapsed since the incident and the filing of the ARP grievance and that he was challenging a disciplinary matter. Mr. Robinson argued that a "clear reading" of ARP No. RLCC-2021-202 revealed that "[t]he date of the incident in this matter is 'continual' and 'on-going'" and that he was not challenging the results or action of the disciplinary board. Rather, Mr. Robinson argued that he was challenging the continuing enforcement of the punishment imposed on him as a result of disciplinary convictions that were reversed. He sought expungement from his record of the two disciplinary convictions, restoration of his good time credits, and "any other relief deemed appropriate ..., specifically in regards to [a] damage award in this case."

After reviewing the petition in accordance with the screening requirements of La. R.S. 15:1178 and 15:1188, a 19th JDC commissioner[1] found that the claim raised was a claim subject to judicial appellate review in accordance with La. R.S. 15:1171 *et seq.* The commissioner ordered that the sheriff serve a copy of the petition on DPSC, and that DPSC file any response thereto within thirty days of

---

[1] The office of commissioner of the 19th JDC was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The commissioner's written findings and recommendations are submitted to a district judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5); *Abbott v. LeBlanc*, 2012-1476 (La. App. 1 Cir. 3/25/13), 115 So. 3d 504, 505 n.1.

3

service. DPSC filed an answer to the petition on August 19, 2021, inclusive of the entire administrative record, contending that as of that date, Mr. Robinson was living in general population, all good time infractions had been restored to Mr. Robinson's time computation, and the $10.00 restitution had been refunded to Mr. Robinson's account. According to DPSC, no further relief was available.

Mr. Robinson filed an objection to DPSC's answer. At a status conference held on October 12, 2021, Mr. Robinson advised the commissioner that he had not received any documentation showing that his disciplinary record was expunged, that the $10.00 was refunded, or that his good time was restored. The commissioner recessed the hearing to allow DPSC to provide the requested documentation.

On October 22, 2021, DPSC filed a notice of compliance along with an updated master prison record showing that Mr. Robinson's good time was restored, his inmate banking account was refunded, and the disciplinary convictions were expunged. A second status conference was held on May 3, 2022, at which Mr. Robinson maintained his dissatisfaction with the relief he received despite the documentation.

On May 18, 2022, the commissioner issued a written recommendation that the district court dismiss Mr. Robinson's petition for judicial review as moot, without prejudice, at Mr. Robinson's cost. Based on DPSC's answer and the notice of compliance, the commissioner found that there was no further relief that could be granted to Mr. Robinson.

On June 8, 2022, Mr. Robinson filed an objection to the commissioner's report and recommendation. On June 29, 2022, after a *de novo* consideration of the pleadings, together with any timely filed traversal, the district court adopted the commissioner's recommendation and signed a judgment that dismissed Mr. Robinson's petition for judicial review as moot, without prejudice, at Mr.

Robinson's cost. Mr. Robinson appeals the judgment of the district court.

## SUBJECT MATTER JURISDICTION

Subject matter jurisdiction is a threshold issue insofar as a judgment rendered by a court that has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3; *Guy v. Calvit*, 2019-1675 (La. App. 1 Cir. 8/5/20), 311 So. 3d 362, 367. A court's subject matter jurisdiction is an issue that cannot be waived or conferred by the consent of the parties. *Williams v. International Offshore Services, LLC*, 2011-1240 (La. App. 1 Cir. 12/7/12), 106 So. 3d 212, 217, writ denied, 2013-0259 (La. 3/8/13), 109 So. 3d 367. The issue of subject matter jurisdiction may be raised at any time, even by the court on its own motion, and at any stage of an action. *Id.* Appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. *Id.*

The rules and procedures governing the ARP process are set forth in Section 325 of Title 22, Part I of the Louisiana Administrative Code. Pursuant thereto, an offender commences the formal administrative remedy process for grievances either by completing a request for administrative remedy or by writing a letter to the warden, in which he briefly sets out the basis for his claim, and the relief sought. LAC 22:I.325.G.1.a.i. Once an offender initiates the formal ARP process, the grievance is screened prior to being assigned to the first step in the two-step ARP process. LAC 22:I.325.I.1. Through the screening process, the grievance is either accepted and processed or rejected for one of the reasons enumerated in LAC 22:I.325.I.1.c.i(a)-(l). An offender whose grievance is rejected during screening for one of the enumerated reasons must correct the noted deficiencies and resubmit the request to the ARP screening officer. LAC 22:I.325.I.1.c.iii.

The ARP process must be exhausted before an offender may proceed with a suit in federal or state court. *Allen v. Louisiana Department of Public Safety and*

5

*Corrections*, 2020-0445 (La. App. 1 Cir. 2/19/21), 320 So. 3d 1175, 1177. A request for an ARP that is rejected for any of the enumerated reasons in LAC 22:I.325.I.1.c.i(a)-(1) is not appealable to the second step, and an offender has not properly exhausted his administrative remedies if his request is rejected during grievance screening. LAC 22:I.325.F.3.a.viii and 22:I.325.I.1.c.iii-iv. If an offender fails to exhaust available administrative remedies, the district court and the appellate court lack subject matter jurisdiction to review the claim. *Allen*, 320 So. 3d at 1177; *Guy*, 311 So. 3d at 366.

In this case, Mr. Robinson's ARP No. RLCC-2021-202 was rejected pursuant to LAC 22:I.325.I.1.c.i(i) and 22:I.325.I.1.c.(b)(i) because it was determined that it was untimely and a disciplinary matter. Mr. Robinson's only option at that point was to "correct the noted deficiencies and resubmit the request to the ARP screening officer." LAC 22:I.325.I.1.c.iii. See *Allen*, 320 So. 3d at 1177. However, Mr. Robinson did not resubmit his request as required, but filed a petition for judicial review.

Offenders are required to use and complete all steps in the ARP properly, including obeying all rules of the procedural process. LAC 22:I.325.D.1; *Allen*, 320 So. 3d at 1178. Since Mr. Robinson's ARP was rejected during screening and he did not resubmit a request for an ARP with the noted deficiencies corrected, his request for an ARP was never accepted for consideration, and as such, his administrative remedies could not be exhausted. See LAC 22:I.325.F.3.a.viii. As Mr. Robinson failed to exhaust his administrative remedies under the ARP, the district court did not have subject matter jurisdiction to review Mr. Robinson's grievance. See *Allen*, 320 So. 3d at 1178.

## CONCLUSION

For the foregoing reasons, we amend the district court's June 29, 2022 judgment to reflect that Darrin Robinson's application for judicial review of ARP

No. RLCC-2021-202 is dismissed for lack of subject matter jurisdiction. The judgment is affirmed as amended. Costs of this appeal are assessed to Darrin Robinson.

**JUDGMENT AMENDED AND AFFIRMED AS AMENDED.**

7